JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

AMCO INSURANCE COMPANY AND DEPOSITORS INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff    Polk County, IA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William T. Salzer, Esquire, Swartz Campbell LLC, One Liberty Place, 38th Floor, 1650 Market St., Phila., PA

## DEFENDANTS

AIM LEASING COMPANY D/B/A AIM NATIONAL LEASE AND D/B/A AIM TRANSPORTATION SOLUTIONS. et al

County of Residence of First Listed Defendant    Trumbull County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §2201; 28 U.S.C. §1332

Brief description of cause:
insurance coverage declaratory judgment action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    6/18/21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AMCO INSURANCE COMPANY AND DEPOSITORS INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AIM LEASING COMPANY D/B/A AIM NATIONAL LEASE AND D/B/A AIM TRANSPORTATION SOLUTIONS, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (xx)

| | | |
|---|---|---|
| 6/18/2021 | _signature_ | AMCO INSURANCE COMPANY AND DEPOSITORS INSURANCE COMPANY |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-299-4346 | 215-299-4301 | wsalzer@swartzcampbell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1100 Locust Street, Des Moines, IA 50391 _____

Address of Defendant: _____ 1500 Trumbull Road, Girard, OH 44420 _____

Place of Accident, Incident or Transaction: _____ Northeast Extension of the Pennsylvania Turnpike (I-476) at Mile Marker A46.4 in Lower Milford Township, Lehigh County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/18/2021__    _____ *Attorney-at-Law / Pro Se Plaintiff*    __42657__ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

- ☑ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __William T. Salzer__, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: __6/18/2021__    _____ *Attorney-at-Law / Pro Se Plaintiff*    __42657__ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
**BY:**    William T. Salzer, Esq.                 Attorneys for Plaintiffs,
           Max A. Greer, Esq.                      AMCO Insurance Company
           Identification No. 42657/324776         Depositors Insurance Company
One Liberty Place - 38th Floor
1650 Market Street
Philadelphia, PA 19103
(215) 564-5190
wsalzer@swartzcampbell.com
mgreer@swartzcampbell.com

---

AMCO INSURANCE COMPANY AND
DEPOSITORS INSURANCE COMPANY,

                                    Plaintiffs,         CIVIL ACTION

            vs.

AIM LEASING COMPANY D/B/A AIM                          NO.
NATIONAL LEASE AND D/B/A AIM
TRANSPORTATION SOLUTIONS, CHIHO
PARK, SUHEE PARK, A.P., J.P., JOSEPH
MUZIKAR, MARY MUZIKAR, EVAN J.
GRIFFITHS, IGOURMET, LLC, D/B/A
IGOURMET.COM, INNOVATIVE GOURMET,
LLC, FOOD INNOVATIONS, INC,
INNOVATIVE FOOD HOLDINGS, INC. AND
SENTINEL INSURANCE COMPANY,

                                    Defendants.

---

## DECLARATORY JUDGMENT COMPLAINT

Plaintiffs, AMCO Insurance Company and Depositors Insurance Company,

by its undersigned counsel, bring this Declaratory Judgment Complaint pursuant to

the Declaratory Judgments Act, 28 U.S.C. §2201, and aver as follows:

1

## I.    **PARTIES**

1.     Plaintiff, AMCO Insurance Company ("AMCO") is a corporation organized and existing under the laws of the state of Iowa, with a principal place of business located at 1100 Locust Street, Des Moines, IA 50391.

2.     Plaintiff, Depositors Insurance Company ("Depositors") is a corporation organized and existing under the laws of the state of Iowa, with a principal place of business located at 1100 Locust Street, Des Moines, IA 50391.

3.     Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions ("AIM Leasing") is a corporation organized and existing under the laws of the state of Ohio, with a principal place of business located at 1500 Trumbull Road, Girard, OH 44420.

4.     Defendant Chiho Park, individually and as Administrator of the Estate of Esther Park, deceased ("Chiho Park"), is upon information and belief, an adult individual residing in the Commonwealth of Pennsylvania with an address located at 1221 Meetinghouse Road, Ambler, PA 19002. Chiho Park is named as a potentially interested party.

5.     Defendant, Suhee Park, is upon information and belief, an adult individual residing in the Commonwealth of Pennsylvania with an address located at 1221 Meetinghouse Road, Ambler, PA 19002. Suhee Park is named as a potentially interested party.

6.     Defendant, A.P., is upon information and belief, a minor individual residing in the Commonwealth of Pennsylvania with an address located at 1221

Meetinghouse Road, Ambler, PA 19002. A.P. is named as a potentially interested party.

7.    Defendant, J.P., is upon information and belief, a minor individual residing in the Commonwealth of Pennsylvania with an address located at 1221 Meetinghouse Road, Ambler, PA 19002. Irene Park is named as a potentially interested party.

8.    Defendant, Joseph Muzikar, is upon information and belief, an adult individual residing in the Commonwealth of Pennsylvania with an address located at 170 West Greenwood Avenue, Lansdowne, PA 19050. Joseph Muzikar is named as a potentially interested party.

9.    Defendant, Mary Muzikar, is upon information and belief, an adult individual residing in the Commonwealth of Pennsylvania with an address located at 170 West Greenwood Avenue, Lansdowne, PA 19050. Mary Muzikar is named as a potentially interested party.

10.    Defendant, Evan J. Griffiths, is upon information and belief, is upon information and belief, an adult individual residing at 15 Market Street, Pittston, PA 18643. Evan J. Griffiths is named as a potentially interested party.

11.    Defendant, iGourmet, LLC d/b/a iGourmet.com, is upon information and belief, a limited liability company organized and existing under the laws of the state of Delaware, with a principal place of business located at 508 Delaware Avenue, West Pittston, PA 18643. iGourmet, LLC d/b/a iGourmet.com is named as a potentially interested party.

12.    Defendant, Innovative Gourmet, LLC, is upon information and belief, a limited liability company organized and existing under the laws of the state of Delaware, with a principal place of business located at 508 Delaware Avenue, West Pittston, PA 18643. Innovative Gourmet, LLC is named as a potentially interested party.

13.    Defendant, Food Innovations, Inc., is upon information and belief, a corporation organized and existing under the laws of the state of Florida, with a principal place of business located at 28411 Race Track Road, Bonita Springs, FL 34135. Food Innovations, Inc. is named as a potentially interested party.

14.    Defendant, Innovative Food Holdings, Inc., is upon information and belief, a corporation organized and existing under the laws of the state of Florida, with a principal place of business located at 28411 Race Track Road, Bonita Springs, FL 34135. Innovative Food Holdings, Inc. is named as a potentially interested party.

15.    Defendant, Sentinel Insurance Company, Ltd., is upon information and belief, a corporation organized and existing under the laws of the state of Connecticut, with a principal place of business located at One Hartford Plaza, Hartford, CT 06155. Sentinel Insurance Company, Ltd. is named as a potentially interested party.

## II.   **JURISDICTION AND VENUE**

16.    This action is brought pursuant to the Declaratory Judgments Act, 28 U.S.C. §2201.

17.     This court has jurisdiction over the Plaintiffs' claims pursuant to diversity jurisdiction conferred under 28 U.S.C. §1332 because the amount in controversy is over $75,000.00 and the lawsuit involves citizens of different states.

18.     Plaintiffs, AMCO and Depositors are citizens of the state of Iowa.

19.     Defendant, AIM Leasing is a citizen of the state of Ohio.

20.     Defendants, Chiho Park, Suhee Park, A.P., Irene Park, Joseph Muzikar, Mary Muzikar, Evan J. Griffiths are citizens of the Commonwealth of Pennsylvania.

21.     Defendants, iGourmet, LLC d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc. are citizens of the states of Delaware, Pennsylvania, and Florida.

22.     Sentinel Insurance Company, Ltd. is a citizen of Connecticut.

23.     Venue in this court is appropriate under 28 U.S.C. §1391(b)(2), the motor vehicle accident which gave rise to the underlying actions occurred in this judicial district; and the underlying actions are being litigated in the Court of Common Pleas of Philadelphia County, Pennsylvania.

## III.   **THE PARK COMPLAINT**

24.     On September 16, 2019, Chiho Park, individually and as Administrator of the Estate of Esther Park, deceased, Suhee Park, A.P. and J.P. instituted a civil action in the Court of Common Pleas of Philadelphia County, Pennsylvania against multiple parties including AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM National Lease, Evan J. Griffiths,

iGourmet, LLC d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., and Innovative Food Holdings, Inc. (collectively the "Underlying Defendants"). A true and accurate copy of the Park Complaint in the Underlying Action is attached as Exhibit "A".

25.     In this action, the Parks seek compensatory damages for injuries sustained, including fatal injuries sustained to Esther Park, from a June 20, 2019 motor vehicle accident on the Pennsylvania Northeast Extension of the turnpike.

26.     According to the Complaint, Chiho Park was operating a motor vehicle when it was struck in the rear by a box truck operated by Evan J. Griffiths ("Griffiths"), which vehicle bore the name, insignia and/or signage of AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM National Lease. Park Complaint, ¶¶ 18; 25. The Parks allege Griffiths was speeding or failed to yield to traffic conditions and was under the influence of intoxicating substances. Id., ¶¶ 41-43.

27.     The Parks allege Griffiths, an employee of Food Innovations, Inc. and Innovative Food Holdings, Inc. was delivering perishable food items at the time of the accident. Id., ¶¶ 17-21.

28.     The Parks allege iGourmet, LLC and Food Innovations, Inc. paid money to AIM Leasing for the use of the truck. Id., ¶ 24.

29.     The Parks allege Griffiths had been in treatment for opioid addiction was under the influence of a controlled substance for a period of time before the accident. Id., ¶ 26.

30.     It is alleged that Underlying Defendants, including AIM Leasing, knew or should have known of Griffiths' substance abuse treatment and that he was unfit to operate the truck. Id., ¶ 27

31.     It is further averred that Underlying Defendants permitted Griffiths to operate the truck despite Griffiths' history of motor vehicle violations and citations. Id., ¶¶ 28-29.

32.     The Parks allege the Underlying Defendants were collectively responsible for the safe operation of the truck and were required to supervise and monitor their alleged employees and drivers; were required to hire individuals with special training and driving skills; and were obligated to investigate and evaluate the background of potential drivers. Id., ¶¶ 30-36.

33.     The Parks assert counts for relief against AIM Leasing which are premised on both direct liability and vicarious liability theories, under the Wrongful Death and Survival Acts and seek recovery of punitive damages. Id. at ¶¶ 121-150; 158-206; 214-248; 256-290.

34.     With respect to their vicarious liability claims, the Parks aver the Underlying Defendants, including AIM Leasing, were legally responsible for the actions of the alleged agent, servant or employee, Griffiths, and that he was driving under the influence; used a handheld mobile device; operated the vehicle at an excessive speed; failed to maintain his lane of travel and clear distance ahead; and violated FMCS regulations regarding minimum standards for commercial motor vehicle operators.

35.    With respect to their direct liability claims, the Parks aver the negligence of the Underlying Defendants, including AIM Leasing, consisted of negligent entrusting the vehicle to Griffiths, failing to assure Griffiths was properly qualified, trained, monitored, supervised, and had the physical ability to safely drive; failing to enforce internal safety regulations and FMCS regulations regarding driving hours and distance; failing to assure Griffiths was accompanied by a co-driver; inspect the motor vehicle for defective and dangerous conditions or otherwise maintain the vehicle in a safe condition and otherwise violating federal regulations,. Id., ¶¶ 84-85; 92-93.

36.    For each count, the Parks seek recovery from Underlying Defendants singly and jointly and/or severally in an amount in excess of $50,000.00 together with costs, interest, compensatory, punitive, and all other damages allowed by law.

## IV.    THE MUZIKAR COMPLAINT

37.    On July 14, 2020, Plaintiffs, Joseph and Mary Muzikar, h/w (the "Muzikars") instituted a civil action in the Court of Common Pleas of Philadelphia County, Pennsylvania against multiple parties including AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM National Lease, Evan J. Griffiths, iGourmet, LLC d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., and Innovative Food Holdings, Inc. (collectively the "Underlying Defendants"). A true and accurate copy of the Muzikar Complaint in the Underlying Action is attached as Exhibit "B".

38.     In this action, the Muzikars seek compensatory damages for injuries sustained from the June 20, 2019 motor vehicle accident on the Pennsylvania Northeast Extension of the turnpike.

39.     The factual allegations of the Muzikar lawsuit, regarding Griffiths' employment status with Food Innovations, Inc. and Innovative Food Holdings, Inc. at the time of the accident, Griffiths' operation of the truck for the purpose of the delivery of perishable food items for the benefit for all Underlying Defendants, payments made to AIM for use of the truck, Griffiths' prior treatment for opioid addiction and history of motor vehicle violations, Griffiths' use of controlled substances for a period of time before the accident mirror those of the Park lawsuit. Muzikar Complaint, ¶¶ 13-24.

40.     The Muzikars assert the Underlying Defendants, including AIM Leasing, knew or should have known that Griffiths was unfit to operate the truck. Id., ¶ 23.

41.     The Muzikars allege the Underlying Defendants continued to employ and/or permit Griffiths to operate their truck despite repeated motor vehicle violations. Id., ¶ 25.

42.     The Muzikars allege the Underlying Defendants were collectively responsible for the safe operation of the truck; required to hire drivers with special training and driving skills; required to train, monitor, and supervise their drivers to ensure that they maintained adequate skills; and required to investigate and evaluate the background of their potential drivers. Id., ¶¶ 26-32.

9

43. The Muzikars assert claims against AIM Leasing for vicarious liability, corporate negligence, negligent infliction of emotional distress, punitive damages, and loss of consortium. Id., ¶¶48-80.

44. For each count, the Muzikars seek recovery from Underlying Defendants singly and jointly and/or severally in an amount in excess of $50,000.00 together with costs, interest, compensatory, punitive, and all other damages allowed by law.

## V.   THE VEHICLE LEASE AGREEMENT

45. On or about June 17, 2019, AIM National Lease entered in a Lease Agreement with Innovative Gourmet for the lease of an American Isuzu Motors Cube Reefer. A true and accurate copy of the Lease Agreement is attached as Exhibit "C".

46.   The Lease Agreement further provides that the customer must obtain standard automobile public liability insurance, in an amount of at least $1,000,000.00, with Lessor as an additional named insured:

> Customer agrees to provide standard automobile public liability and property damage insurance with Lessor as an additional named insured, against all risks or losses or damage to persons or property.  The limits of the said insurance to be furnished by Customer to Lessor pursuant to this paragraph 17 shall not be less [sic] $1,000,000.00 combined single limits from any one accident and keep the vehicle insured for physical damage against all loss or damage from every cause.  Any insurance provided by Customer pursuant to this paragraph 17 shall be primary, and no insurance for the benefit of Customer, Customer's agents, servants or employees shall arise under the terms of paragraph 16 hereof.  In consideration of the foregoing, Lessor agrees that no charge will be made to Customer under this Agreement for insurance coverage of the

10

> type described in this paragraph 17.  Customer further agrees to indemnify and hold Lessor, its agents, servants and employees harmless from any and all claims or injury to persons …and to [sic] any and all expenses incurred in the defense of any such claims including reasonable attorney's fees.

*See* Id., ¶17.

47. Pursuant to the Lease Agreement, Innovative Gourmet LLC d/b/a IGourmet obtained Commercial Auto Liability Coverage through Erie Insurance Exchange in an amount of $1,000,000.00 per accident for "any auto" and "hired autos", with AIM National Lease added as an additional insured-lessor with respect to all vehicles rented or leased to Innovative Gourmet, LLC. A true and accurate copy of the Certificate of Insurance is attached as Exhibit "D".

## VI. THE DEPOSITORS BUSINESS AUTO POLICY

48. Depositors issued a Commercial Auto Liability Policy (No. ACP BADP 3037247293) to AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions, with effective dates of August 1, 2018 through August 1, 2019. A true and accurate copy of the Policy No. ACP BADP 3037247293 is attached as Exhibit "E" (herein referenced as "the Business Auto Policy").

49. The Business Auto Policy confers liability coverage for leased autos with an operative coverage form of CA 0001 (10/13) as amended by the Leasing or Rental Concerns – Contingent Coverage endorsement CA 2009 (10/13), which states, in pertinent part, as follows:

> A. **Covered Autos Liability Coverage** and any required no-fault insurance provided by the policy for a covered "auto" that is a "leased auto" apply, subject to the following provisions:

11

1.  The lessee or rentee has furnished you with:

    a.  A certificate of insurance;
    b.  A copy of the policy; or
    c.  A copy of the endorsement making you an additional insured on the lessee's or rentee's policy; as required by the leasing or rental agreement; and

2.  At the time of an "accident", the insurance required by the leasing agreement is not collectible.

3.  For you, your "employees" or agents, the Limit of Insurance provided by this endorsement is the lesser of:

    a.  The limits of liability required by the leasing agreement; or
    b.  The amount shown in the Schedule [shown as $1 MM]

4.  For the lessee or rentee, any "employee" or agent of the lessee or rentee or any person, except you or "your employees" or agents operating the "leased auto" with permission of any of these, the Limit of Insurance provided by this endorsement is the minimum limit required by any applicable compulsory or financial responsibility law.

5.  The insurance provided by this endorsement is excess over any other collectible insurance, whether primary, excess or contingent, unless such insurance is specifically written to apply in excess of this policy.

*****

## C. **Additional Definition**

The following is added to the **Definitions** section:

A "leased auto" means an "auto" you lease or rent to a lessee or rentee including any substitute replacement or extra auto needed to meet seasonal or other needs under a lease or rental

12

       agreement that requires the lessee or rentee to provide primary insurance for you.

*See* Auto Liability Policy, Leasing or Rental Concerns – Contingent Coverage, CA 2009 (10/13).

## VII.   **THE AMCO AUTO DEALERS POLICY**

      50.    AMCO issued an Auto Dealers Policy (No. ACP GPA 3037247293) to AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions, with effective dates of August 1, 2018 through August 1, 2019.  A true and accurate copy of the Policy No. ACP GPA 3037247293 is attached as Exhibit "F" (herein referenced as "the Auto Dealers Policy").

      51.    The Auto Dealers Policy confers liability coverage for "auto dealer operations" and Garagekeepers Coverage for any autos with an operative coverage form of CA 0025 (10-13).

      52.    Under Section D.1., Covered Autos Liability Coverage, the Auto Dealers Policy states, in pertinent part, as follows:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from the ownership, maintenance or use of "covered autos".

*See* Auto Dealers Policy, Section D.1 – Covered Autos Liability Coverage, CA 0025 (10-13).

      53.    The Auto Dealers Policy contains a leased auto exclusion, which states as follows:

> This insurance does not apply to any of the following:

g. Leased autos

Any covered "auto" while leased or rented to others but this exclusion does not apply to a "covered auto" you rent to one of your customers while their "auto" is left with you for service or repair.

*See* Auto Dealers Policy, Section D.4. – Exclusions, CA 0025 (10-13).

54.   The Auto Dealers Policy contains a Leased Auto Exclusion Amendment, form AD 3522 (03/16), which modifies the Auto Dealers Coverage Form and amends the Leased Auto exclusion as follows:

**Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to:

1) A covered "auto" you rent to one of your customers while their "auto" is left with you service or repair;

2) Any "loss" resulting from or caused by "work you performed" on a leased "auto";

3) You or your "employee" or "temporary worker" while a leased or rented "auto" is in your custody for service, repair, pickup or delivery in the course of your business; or

4) Claims for negligent entrustment of an "auto".

*See* Auto Dealers Policy, Leased Auto Exclusion Amendment, AD 35 22 (03/16), Exhibit "G".

## VIII.  THE AMCO COMMERCIAL UMBRELLA LIABILITY POLICY

55.   AMCO issued a Commercial Umbrella Liability Policy (No. ACP CAA 3037247293) to AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions, with effective dates of August 1, 2018 through August 1,

14

2019.  A true and accurate copy of the Policy No. ACP CAA 3037247293 is attached as Exhibit "H" (herein referenced as "the Umbrella Policy").

56.    The Umbrella Policy confers excess limits of $10 Million under both Coverage A (excess follow form) and Coverage B (umbrella liability) with operative form UMB 0002 (04/13).

57.    The Insuring Agreement at Coverage A – Excess Follow Form Liability Insurance states, in pertinent part, as follows:

1.    Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance"… The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy, except with respect to:

    a.  Any contrary provision contained in this policy; or

    b.  Any provision of this policy for which a similar provision is not contained in "underlying insurance".

2.    With respect to the exceptions stated above, the provisions of this policy will apply.

* * * * *

4.    Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss".

5.    We have no obligation under this insurance with respect to any claim or "suit" settled without our consent.

*See* Umbrella Policy, Coverage A – Excess Follow Form Liability Insurance, UMB 0002 (04/13).

58.    The Umbrella Policy defines "loss" as follows:

15

> "Loss" means those sums actual paid in the settlement or satisfaction of a claim which the "insured" is legally obligated to pay as damages because of injury or offense, after making proper deductions for all recoveries and salvage.

*See* Umbrella Policy, Definitions A.4., UMB 0002 (04/13).

59.    The Insuring Agreement at Coverage B – Umbrella Liability Insurance states, in pertinent part, as follows:

> 1.    Under Coverage B, we will pay on behalf of the "insured" damages    the "insured" becomes legally obligated to pay by reason of liability imposed by law because of "bodily injury" … covered by this insurance … caused by an "occurrence".  We will pay such damages in excess of the Retained Limit Aggregate specified in the Declarations or the amount payable by "other insurance", whichever is greater.

> 5.    Coverage B will not apply to any loss, claim or "suit" for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance".

*See* Umbrella Policy, Coverage B – Umbrella Liability Insurance, UMB 0002 (04/13).

60.    The Umbrella Policy contains Exclusions to coverage which as applicable to Coverage B states, in pertinent part, as follows:

> C. Applicable to Coverage B Only

> Under Coverage B, this insurance does not apply to:

> 4.    Auto Coverages

> > "Bodily injury" … arising out of the ownership, maintenance or use of any "auto" …

61.     The liability claims asserted in the Underlying Actions are alleged to arise out of the ownership, maintenance and/or use of an "auto".

62.     Coverage B of the Umbrella policy does not confer coverage for the Underlying Actions by reason of the Auto Coverage Exclusion.

**COUNT I – DECLARATORY JUDGMENT:**
**NO CONTINGENT COVERAGE UNDER BUSINESS AUTO POLICY**

63.     Plaintiffs incorporate the averments of the preceding Paragraphs as if fully set forth herein.

64.     The Business Auto Policy only confers "contingent auto" liability coverage as modified by the Contingent Coverage endorsement.

65.     Contingent Coverage is not triggered under the Business Auto Policy because AIM Leasing leased the subject auto to Innovative Gourmet, LLC, which satisfied the insurance procurement requirements of the Lease Agreement by obtaining a Commercial Auto Liability Policy from Erie Insurance Exchange, conferring additional insured status to AIM Leasing for liability arising out of acts or omissions of the lessee and its agents, in an amount of $1,000,000.00 per accident for "any auto" and "hired autos".

66.     The contingency referenced in the endorsement has been satisfied as the insurance required by the Leasing Agreement is collectible.

67.     Therefore, contingent coverage is not afforded to AIM Leasing under the Business Auto Policy for any claims asserted by the Parks or Muzikars against AIM Leasing in the underlying two lawsuits, including those based on vicarious and direct liability.

17

**WHEREFORE**, Depositors Insurance Company respectfully requests that this Court enter a judgment in its favor and against Defendants and that the Court enter an order declaring that Depositors Insurance Company is not obligated to defend or indemnify Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions in the Underlying Actions under the Business Auto Policy and requests such further and other relief that the Court deems just and appropriate.

## COUNT II – DECLARATORY JUDGMENT
## LEASED AUTO EXCLUSION -AUTO DEALERS POLICY

68. Plaintiffs incorporate the averments of the preceding Paragraphs as if fully set forth herein.

69. The Auto Dealers Policy contains a Leased Auto Exclusion Amendment, which modifies the Auto Dealers Coverage Form and amends the Leased Auto exclusion to apply to any covered "auto" while leased or rented to others, except to the extent of liability for claims for negligent entrustment of an "auto".

70. The subject accident of the underlying lawsuits involved a leased auto. such that the Auto Dealers Policy does not confer liability coverage for any direct liability and vicarious liability claims asserting in the Underlying Actions except to the extent that liability of AIM Leasing is predicated on a claim for negligent entrustment.

71. To the extent there is a verdict in favor of the Parks and/or Muzikars and against AIM Leasing for claims for negligence, corporate negligence, negligent

18

supervision, negligent maintenance, negligent hiring, negligent training, negligent infliction of emotional distress, and/or vicarious liability, the Leased Auto Exclusion applies to remove coverage.

72.    AMCO is only obligated to indemnify AIM Leasing for a verdict in favor of the Parks and/or Muzikars and against AIM Leasing on claims for negligent entrustment.

**WHEREFORE**, AMCO Insurance Company respectfully requests that this Court enter a judgment in its favor and against Defendants and that the Court enter an order declaring that AMCO Insurance Company is not obligated to indemnify Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions under the Auto Dealers Policy for the claims asserted in the Underlying Actions unless and except to the extent that liability is imposed on AIM Leasing Company for negligent entrustment and such further and other relief that the Court deems just and appropriate.

### COUNT III – DECLARATORY JUDGMENT
### EXCESS / UMBRELLA POLICY

73.    Plaintiffs incorporate the averments of the preceding Paragraphs as if fully set forth herein.

74.    The Umbrella Policy at Paragraph 4 of Coverage A provides that notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than the exhaustion of the aggregate limit of insurance by payment of claims, then we will not cover such "loss".

75.     Under Coverage A, the Umbrella Policy provides coverage when the primary policy so provides coverage, in excess of the primary limits.

76.     Coverage A is not triggered by the underlying Business Auto Policy because there is no contingency event to provide any coverage under the primary Business Auto Policy.

77.     Coverage A may be triggered by only in the event of exhaustion of the underlying Auto Dealers Policy, and only to the extent AIM Leasing is found liable on claims for negligent entrustment.

78.     Coverage B of the Umbrella Policy does not confer coverage for the Underlying Actions by reason of the Auto Coverages Exclusion.

**WHEREFORE**, AMCO Insurance Company respectfully requests that this Court enter a judgment in its favor and against Defendants and that the Court enter an order declaring that AMCO Insurance Company is only required to indemnify Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions under Coverage A of the Umbrella Policy if there is a determination of liability on the underlying claims for negligent entrustment and the primary limits of the Auto Dealers Policy are exhausted, and request such further and other relief that the Court deems just and appropriate.

### COUNT IV – DECLARATORY JUDGMENT: NO COVERAGE FOR PUNITIVE DAMAGES

79.     Plaintiffs incorporate the averments of the preceding Paragraphs as it fully set forth herein.

80.     The Underlying Plaintiffs seek recovery of punitive damages.

81.    The insuring agreement of the AMCO Auto Dealers Policy provides in pertinent part:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from the ownership, maintenance or use of "covered autos".

82.    A claim for recovery of punitive damages is not based on damages because of "bodily injury" caused by an "occurrence", but instead are damages to punish a defendant or exemplary damages to deter others from engaging in similar conduct. Such damages are not covered within the insuring agreement of the policies.

83.    In the alternative, indemnification of an insured against an award of punitive damages based on the insured having engaged in reckless, wanton, willful or outrageous conduct violates the public policy of Pennsylvania.

**WHEREFORE**, AMCO Insurance Company and Depositors Insurance Company respectfully requests entry of declaratory judgment in its/their favor and against Defendants, and request that this Court issue an order declaring AMCO Insurance Company and Depositors Insurance Company are not obligated to indemnify Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions against an award of punitive damages or a settlement in the Underlying Actions which is based in part on claims for recovery of punitive damages.

**SWARTZ CAMPBELL LLC**

William T. Salzer, Esq.
Max A. Greer, Esq.
Attorneys for Plaintiffs,
AMCO Insurance Company and
Depositors Insurance Company

Dated: June 18, 2021