# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHIHO PARK | EVAN J. GRIFFITHS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1221 MEETINGHOUSE ROAD AMBLER PA 19002 | 15 MARKET STREET PITTSTON PA 18643 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ▮▮▮▮▮▮ | IGOURMET, LLC, ALIAS: IGOURMET.COM |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1221 MEETINGHOUSE ROAD AMBLER PA 19002 | 508 DELAWARE AVENUE WEST PITTSTON PA 18643 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ▮▮▮▮▮ | INNOVATIVE GOURMET, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1221 MEETINGHOUSE ROAD AMBLER PA 19002 | 28411 RACETRACK ROAD BONITA SPRINGS FL 34135 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 7 | 6 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** SEP **16** 2019 **A. SILIGRINI** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHIHO PARK , ▮▮▮▮▮ , ▮▮▮

Papers may be served at the address set forth below.          ▮▮ , CHIHO PARK , SUHEE PARK , CH

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES J. MCELDREW | MCELDREW YOUNG 123 SOUTH BROAD STREET SUITE 2250 PHILADELPHIA PA 19109 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)545-8800 | (215)545-8805 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36411 | jim@mceldrewyoung.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JAMES MCELDREW* | Monday, September 16, 2019, 02:46 pm |

Case ID: 190902001
Control No.: 19111159

## COMPLETE LIST OF PLAINTIFFS:

1. CHIHO PARK
   1221 MEETINGHOUSE ROAD
   AMBLER PA 19002
2. ████████
   1221 MEETINGHOUSE ROAD
   AMBLER PA 19002
3. ████████
   1221 MEETINGHOUSE ROAD
   AMBLER PA 19002
4. CHIHO PARK
   1221 MEETINGHOUSE ROAD
   AMBLER PA 19002
5. SUHEE PARK
   1221 MEETINGHOUSE ROAD
   AMBLER PA 19002
6. CHIHO PARK
   1221 MEETINGHOUSE ROAD
   AMBLER PA 19002
7. SUHEE PARK
   1221 MEETINGHOUSE ROAD
   AMBLER PA 19002

## COMPLETE LIST OF DEFENDANTS:

1. EVAN J. GRIFFITHS
   15 MARKET STREET
   PITTSTON PA 18643
2. IGOURMET, LLC
   ALIAS: IGOURMET.COM
   508 DELAWARE AVENUE
   WEST PITTSTON PA 18643
3. INNOVATIVE GOURMET, LLC
   28411 RACETRACK ROAD
   BONITA SPRINGS FL 34135
4. FOOD INNOVATIONS, INC.
   28411 RACETRACK ROAD
   BONITA SPRINGS FL 34135
5. INNOVATIVE FOOD HOLDINGS, INC.
   28411 RACETRACK ROAD
   BONITA SPRINGS FL 34135
6. AIM LEASING COMPANY, INC.
   ALIAS: AIM NATIONALEASE
   1500 TRUMBULL ROAD
   GIRARD OH 44420

McELDREW YOUNG
JAMES J. McELDREW, III, ESQUIRE
Attorney I.D. No. 36411
DANIEL N. PURTELL, ESQUIRE
Attorney I.D. No. 310376
MEGHAN P. McCORMACK, ESQUIRE
Attorney I.D. No. 311283
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
Tel: (215) 545-8800
Fax:(215) 545-8806
jim@mceldrewyoung.com



Filed and Attested by the
Office of Judicial Records
16 SEP 2019 02:46 pm
A. SILIGRINI

Attorneys for Plaintiffs

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

CHIHO PARK, individually and as Administrator :
of the Estate of            deceased    :
1221 Meetinghouse Road          :
Ambler, Pennsylvania 19002      :
       :
     and               :
       :
          , a minor, by his parents  :
and natural guardians, CHIHO PARK and  :
SUHEE PARK, and CHIHO PARK and    :
SUHEE PARK, in their own right      :
1221 Meetinghouse Road          :
Ambler, Pennsylvania 19002      :
       :
     and               :
       :
          , a minor, by her parents  :
and natural guardians, CHIHO PARK and  :
SUHEE PARK, and CHIHO PARK and    :
SUHEE PARK, in their own right      :
1221 Meetinghouse Road          :
Ambler, Pennsylvania 19002    :
       :
     and               :
       :
CHIHO PARK and SUHEE PARK (h/w)    :
1221 Meetinghouse Road          :
Ambler, Pennsylvania 19002      :
       :
      v.               :

Case ID: 190902001
Control No.: 19111159

EVAN J. GRIFFITHS                                   :
15 Market Street                                    :
Pittston, Pennsylvania 18643                        :
                                                    :
            and                                     :
                                                    :
IGOURMET, LLC d/b/a IGOURMET.COM                    :
508 Delaware Avenue                                 :
West Pittston, Pennsylvania 18643                   :
                                                    :
            and                                     :
                                                    :
INNOVATIVE GOURMET, LLC                             :
28411 Racetrack Road                                :
Bonita Springs, Florida 34135                       :
                                                    :
            and                                     :
                                                    :
FOOD INNOVATIONS, INC.                              :
28411 Racetrack Road                                :
Bonita Springs, Florida 34135                       :
                                                    :
            and                                     :
                                                    :
INNOVATIVE FOOD HOLDINGS, INC.                      :
28411 Racetrack Road                                :
Bonita Springs, Florida 34135                       :
                                                    :
            and                                     :
                                                    :
AIM LEASING COMPANY, INC. d/b/a                     :
AIM TRANSPORTATION SOLUTIONS and                    :
d/b/a AIM NATIONALEASE                              :
1500 Trumbull Road                                  :
Girard, Ohio 44420                                  :

Case ID: 190902001
Control No.: 19111159

# NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238–6333<br>TTY (215) 451-6197 | Asociacion De Licenciados De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238–6333<br>TTY (215) 451-6197 |

McELDREW YOUNG
JAMES J. McELDREW, III, ESQUIRE
Attorney I.D. No. 36411
DANIEL N. PURTELL, ESQUIRE
Attorney I.D. No. 310376
MEGHAN P. McCORMACK, ESQUIRE
Attorney I.D. No. 311283
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
Tel: (215) 545-8800
Fax:(215) 545-8806
jim@mceldrewyoung.com                                    Attorneys for Plaintiffs

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

CHIHO PARK, individually and as Administrator  :
of the Estate of                      deceased      :
1221 Meetinghouse Road                             :
Ambler, Pennsylvania 19002                         :
                                                   :
                    and                            :
                                                   :
                    , a minor, by his parents      :
and natural guardians, CHIHO PARK and              :
SUHEE PARK, and CHIHO PARK and                     :
SUHEE PARK, in their own right                     :
1221 Meetinghouse Road                             :
Ambler, Pennsylvania 19002                         :
                                                   :
                    and                            :
                                                   :
                    a minor, by her parents        :
and natural guardians, CHIHO PARK and              :
SUHEE PARK, and CHIHO PARK and                     :
SUHEE PARK, in their own right                     :
1221 Meetinghouse Road                             :
Ambler, Pennsylvania 19002                         :
                                                   :
                    and                            :
                                                   :
CHIHO PARK and SUHEE PARK (h/w)                    :
1221 Meetinghouse Road                             :
Ambler, Pennsylvania 19002                         :
                                                   :
                    v.                             :

Case ID: 190902001
Control No.: 19111159

EVAN J. GRIFFITHS                                      :
15 Market Street                                      :
Pittston, Pennsylvania 18643                          :
                                                      :
           and                                        :
                                                      :
IGOURMET, LLC d/b/a IGOURMET.COM                      :
508 Delaware Avenue                                   :
West Pittston, Pennsylvania 18643                     :
                                                      :
           and                                        :
                                                      :
INNOVATIVE GOURMET, LLC                               :
28411 Racetrack Road                                  :
Bonita Springs, Florida 34135                         :
                                                      :
           and                                        :
                                                      :
FOOD INNOVATIONS, INC.                                :
28411 Racetrack Road                                  :
Bonita Springs, Florida 34135                         :
                                                      :
           and                                        :
INNOVATIVE FOOD HOLDINGS, INC.                        :
28411 Racetrack Road                                  :
Bonita Springs, Florida 34135                         :
                                                      :
           and                                        :
                                                      :
AIM LEASING COMPANY, INC. d/b/a                       :
AIM TRANSPORTATION SOLUTIONS and                      :
d/b/a AIM NATIONALEASE                                :
1500 Trumbull Road                                    :
Girard, Ohio 44420                                    :

## COMPLAINT

Plaintiffs, by and through their counsel, James J. McEldrew, III, Esquire and the law firm of

McEldrew Young, hereby state the following Complaint in Civil Action against the above-captioned

Defendants and, in support thereof, avers as follows:

## **PARTIES**

1.      Plaintiff Chiho Park, individually and as Administrator of the Estate of

deceased, is the husband of Plaintiff Suhee Park, and is a citizen and resident of the Commonwealth

of Pennsylvania residing therein at 1221 Meetinghouse Road, Ambler, Pennsylvania 19002.

2.      Plaintiff Chiho Park was appointed Administrator of the Estate of           by the

Register of Wills of Montgomery County on July 1, 2019.

3.      Plaintiff Suhee Park is the wife of Plaintiff Chiho Park and is a citizen and resident of

the Commonwealth of Pennsylvania, residing therein at 1221 Meetinghouse Road, Ambler,

Pennsylvania 19002.

4.      Plaintiff           a minor, who brings this action by his parents and natural

guardians, Chiho Park and Suhee Park, is a citizen and resident of the Commonwealth of

Pennsylvania, residing therein at 1221 Meetinghouse Road, Ambler, Pennsylvania 19002.

5.      Plaintiff           a minor, who brings this action by her parents and natural

guardians, Chiho Park and Suhee Park, is a citizen and resident of the Commonwealth of

Pennsylvania, residing therein at 1221 Meetinghouse Road, Ambler, Pennsylvania 19002.

6.      Defendant Evan J. Griffiths is a citizen and resident of the Commonwealth of

Pennsylvania, residing therein at 15 Market Street, Pittston, Pennsylvania 18643.

7.      Defendant iGourmet, LLC doing business as (d/b/a) iGourmet.com is a limited

liability company duly organized and existing under and by virtue of the laws of the State of New

York, which regularly conducts business in the City and County of Philadelphia, with its principal

place of business located at 508 Delaware Avenue, West Pittston, Pennsylvania 18643.

8.      Defendant Innovative Gourmet, LLC is a limited liability company duly organized

and existing under and by virtue of the laws of the State of Delaware, which regularly conducts

business in the City and County of Philadelphia, with its principal place of business located at 28411

Racetrack Road, Bonita Springs, Florida 34135 with a registered agent for service of process located care of Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

9.      Defendant Food Innovations, Inc. is a corporation duly organized and existing under and by virtue of the laws of the State of Florida, which regularly conducts business in the City and County of Philadelphia, with its principal place of business located at 28411 Racetrack Road, Bonita Springs, Florida 34135.

10.     Defendant Innovative Food Holdings, Inc. is a corporation duly organized and existing under and by virtue of the laws of the State of Florida, which regularly conducts business in the City and County of Philadelphia, with its principal place of business located at 28411 Racetrack Road, Bonita Springs, Florida 34135.

11.     Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease is a corporation duly organized and existing under and by virtue of the laws of the State of Ohio with a principal place of business located at 1500 Trumbull Road, Girard, Ohio 44420 which regularly conducts business in the City and County of Philadelphia, including a place of business located therein at 7777 Essington Avenue, Philadelphia, PA 19153.

12.     Defendant Innovative Gourmet, LLC is a private, interstate, common carrier bearing US DOT Number: 3147931.

13.     Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease is a private, interstate, common carrier bearing US DOT Number: 332295.

14.     The aforesaid Defendants, in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration (FMCSA) that they have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that they comply with the Federal Motor Carrier Safety Regulations (FMCSR) at all times while operating a commercial motor vehicle in the United States.

15.     More specifically, each Form Op-1 submitted contained a "Safety Certification" certifying to the FMCSA under penalty of perjury that, at a minimum, the aforesaid Defendants:

a.      had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b.      can produce a copy of the FMCSRs;

c.      had and will have in place a driver safety training/orientation program;

d.      had and will have prepared and maintain an accident register;

e.      is familiar with DOT regulations governing driver qualifications and had and will have in place a system for overseeing driver qualifications requirements;

f.      had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of commercial motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g.      is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h.      must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating with the United States.

## FACTS COMMON TO ALL COUNTS

16.     All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

17.     At all times material to Plaintiffs' cause of action, Defendant Evan J. Griffiths was the agent, servant, workman, and/or employee, acting in the course and scope of his employment with and on behalf of Defendants iGourmet, LLC d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease.

18.     At all times material to Plaintiffs' cause of action, Defendant Evan J. Griffiths was the operator, possessor, maintainer, and in control of a commercial motor vehicle then and there being operated by said Defendant.

19.     Upon information and belief, at all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and/or AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were the owners, operators, possessors, and maintainers of a commercial motor vehicle which was then and there being operated by Defendant Evan J. Griffiths, their agent, servant, workman and/or employee acting in the course and scope of his employment with and on behalf of said Defendants.

20.     In the alternative, Defendants Innovative Gourmet, LLC, Food Innovations, Inc., and Innovative Food Holdings, Inc., did not own, lease, hire, rent or borrow the aforementioned commercial vehicle that was then and there being operated by Defendant Evan J. Griffiths, but said commercial motor vehicle was being expressly used by said Defendants in connection with and in furtherance of their commercial enterprise as a provider of sourcing, preparation and delivery of specialty/fresh food for both professional chefs and consumers.

21.     At all times material to Plaintiffs' cause of action and for a period of time prior thereto, Defendant Evan J. Griffiths was acting in the course and scope of his employment as a delivery driver for Defendants iGourmet, LLC, d/b/a iGourmet.com and Innovative Gourmet, LLC and was then and there operating at the explicit request and for the benefit of Defendants Food Innovations, Inc. and Innovative Food Holdings, Inc., who had purchased and solicited the delivery of the perishable food goods being transported by Defendant Griffiths, to deliver same in furtherance of the business interests and for the benefit of Defendants Food Innovations, Inc. and Innovative Food Holdings, Inc., while operating a commercial motor vehicle, which upon information and belief is owned wholly or in part by and/or used expressly for the benefit of the commercial

enterprise of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease.

22.     At all times material to Plaintiffs' cause of action and for a period of time prior thereto, Defendants iGourmet, LLC, d/b/a iGourmet.com and Innovative Gourmet, LLC and Defendants Food Innovations, Inc. and Innovative Food Holdings, Inc. were engaged in a joint enterprise whereby perishable food products are procured direct from sources and delivered within two business days.

23.     At all times material to Plaintiffs' cause of action and for a period of time prior thereto, Defendant Evan J. Griffiths was agent, servant, workman and/or employee acting in the course and scope of his employment with and on behalf of Defendants Food Innovations, Inc. and Innovative Food Holdings, Inc. and said Defendants had control and authority to direct the manner and result of the work performed by Defendant Evan J. Griffiths.

24.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., and/or Innovative Food Holdings, Inc., paid certain monies to Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease for the use of their commercial motor vehicles and Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease was aware of and authorized the use of said commercial motor vehicles.

25.     At all times material to Plaintiffs' cause of action, the commercial motor vehicle then and there being operated by Defendant Evan J. Griffiths bore the name, insignia and/or signage of Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease.

26. At all times material to Plaintiffs' cause of action and for a period of time preceding this collision, Defendant Evan J. Griffiths was in treatment for opioid addiction and prescribed/under the influence of a controlled substance including *inter alia* Schedule III narcotic Suboxone/Buprenorphine.

27. At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known of Defendant Evan J. Griffiths substance abuse treatment and that he was unfit to operate a commercial motor vehicle on the roadway.

28. Defendant Evan J. Griffiths had a history of numerous motor vehicle violations including, *inter alia*, violations of 75 Pa.C.S. §3111(a) pertaining to failing to obey traffic control devices on March 12, 2011, 75 Pa.C.S. §1543(a) driving on a suspended license on April 9, 2013, 75 Pa.C.S. §1786(f) driving without requisite financial responsibility, and just six months before this collision on January 17, 2019, 75 Pa.C.S. §3362(a)(3)(28) exceeding the speed limit by 28 m.p.h.

29. Despite these repeated violations, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease continued to employ and/or permit Defendant Evan J. Griffiths to operate their commercial motor vehicles upon the roadway.

30. At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were responsible for the safety of the commercial motor vehicle being operated by Defendant Evan J. Griffiths at the time of the incident in issue.

31.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that failure to properly inspect their commercial motor vehicles could result in serious, permanent, and life altering/life ending injuries to individuals.

32.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that failure to hire, train, supervise and/or timely discharge employees could result in serious, permanent, and life altering/life ending injuries to individuals.

33.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease understood that m order to safely transport goods, they were required to hire individuals with special driving training and skills.

34.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were required to supervise and monitor their employees and their drivers to ensure that they maintained adequate skills to drive professionally and commercially.

35.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that the drivers they employed were required to be skilled and trained in operating commercial motor vehicles or individuals on the road could be seriously harmed or killed.

36.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that they had a duty to investigate and evaluate the background of their potential drivers, as well as their current drivers to make sure their driving records were consistent with individuals who would be professionally driving commercial motor vehicles.

37.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that they had a responsibility to continually monitor the driving records of their new or existing drivers to ensure their drivers were not a hazard to those on the road.

38.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that drivers who have repeat moving violations should be properly trained and re-trained, must be closely supervised, and/or should be discharged from employment as a truck driver.

39.     At all times material to Plaintiffs' cause of action, Defendant Evan J. Griffiths was aware that he had a responsibility, on behalf of himself and his employer(s) to properly conduct a pre-trip inspection prior to driving his commercial motor vehicle for the day, and not drive said vehicle if it was unsafe.

40.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known the importance of re-evaluating drivers who have safety issues and moving violations on their record.

41. At all times material to Plaintiffs' cause of action, Defendant Evan J. Griffiths was aware that speeding and/or failing to yield to traffic conditions could result in serious, permanent and life altering/life ending injuries to individuals.

42. At all times material to Plaintiffs' cause of action, Defendant Evan J. Griffiths was aware that driving under the influence of intoxicating substances could result in serious, permanent and life altering/life ending injuries to individuals.

43. At all times material to Plaintiffs' cause of action, Defendant Evan J. Griffiths was aware that it was important for him to obey the rules of the road, the FMCSR, and the laws of the Commonwealth while operating the truck in issue.

44. All of the acts alleged to have been done or not to have been done by all Defendants were done or not done by said Defendants, their agents, servants, workmen and/or employees, acting in the course and scope of their employment with and on behalf of all Defendants.

45. On or about June 20, 2019, at or about 4:00 p.m., Plaintiff Chiho Park was operating a motor vehicle in which Plaintiff Suhee Park, Plaintiff ▇▇▇▇ then age 9, Plaintiff ▇▇▇▇ then age 10, and Plaintiff's Decedent ▇▇▇▇ then age 5, were the restrained passengers, in a southwardly direction on the Northeast Extension of the Pennsylvania Turnpike I-476 at milepost A46.4, in Lower Milford Township, Lehigh County Pennsylvania, when they were suddenly and without warning violently struck in the rear of their vehicle by the Defendants' commercial motor vehicle in the form of a box truck which was being operated by Defendant Griffiths, who was negligently entrusted by all other Defendants with the possession, control and use of said commercial motor vehicle, also in a southwardly direction on the Northeast Extension of the Pennsylvania Turnpike I-476 in a negligent and careless manner which was noted prior to this collision by numerous other motorists who contacted the authorities to report said erratic driving, and as a result this catastrophic collision all Plaintiffs sustained serious, painful and permanent

personal injuries, including the untimely death of Plaintiff's Decedent, ▮▮▮▮▮▮ more particularly hereinafter set forth.

## COUNT I
### WRONGFUL DEATH/NEGLIGENCE
### CHIHO PARK, ADMINISTRATOR OF THE ESTATE OF ▮▮▮▮▮▮ DEC'D
### v. DEFENDANT EVAN J. GRIFFITHS

46.     All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

47.     This action is based on the wrongful death provisions of the Judicial Code, 42 Pa. Con. Stat. Ann., §§8301 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. §3373.

48.     Said Decedent did not bring an action, and no action was brought against the Defendant during the lifetime of the Decedent for the injuries which resulted in death, and no action for the wrongful death of the said Decedent has been commenced against the Defendants on account of the grievances hereinafter set forth.

49.     The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

50.     The negligence, carelessness, and recklessness of Defendant Evan J. Griffiths acting as the agent, ostensible agent, servant, workman and/or employee of all other Defendants consisted of the following:

    a.      driving under the influence of drugs and/or alcohol;

    b.      using a handheld mobile device while operating a commercial motor vehicle;

    c.      failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

d. failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

e. failing to have said motor vehicle under proper and adequate control;'

f. operating said motor vehicle at a high and excessive rate of speed under the circumstances;

g. failing to maintain his lane of travel;

h. failing to maintain the assured clear distance ahead;

i. failing to look where he was going;

j. following too closely;

k. failing to bring his motor vehicle to a safe stop;

l. allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m. rear-ending a motor vehicle slowing for traffic conditions;

n. failing to conduct a proper pre-trip inspection;

o. failing to maintain said motor vehicle in proper operating condition;

p. failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q. violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 380, 383, 385, 390, 392, 393 and 396.

r. violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 *et seq*.; and

s. being negligent per se.

51. The Decedent left surviving her the following persons who are entitled to recover damages for her death and on whose behalf this action is brought:

Case ID: 190902001
Control No.: 19111159

a. Chiho Park (Father)
1221 Meetinghouse Road
Ambler, Pennsylvania 19002

b. Suhee Park (Mother)
1221 Meetinghouse Road
Ambler, Pennsylvania 19002

52. By reason of the said tortious conduct of the Defendants, resulting in fatal injuries to

and the death of the Decedent, Plaintiff claims damages of the Defendants for and on behalf of the

next of kin of the Decedent, as follows:

a. for loss of services, support and contributions which Decedent had provided
and made, and which Decedent would have provided and made during the
remainder of Decedent's natural life, which services, support, and
contributions would have continued until the termination of Decedent's
natural life but for the aforesaid tortious conduct;

b. for loss of Decedent's society, companionship, comfort and guidance, which
the Decedent had provided and which Decedent would have continued to
provide during the remainder of Decedent's natural life, but for the aforesaid
tortious conduct;

c. for funeral and burial expenses;

d. for expenses incident to the last illness and death of Plaintiff's Decedent;

e. for expenses of Administration; and

f. for other losses and expenses caused by said tortious conduct.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly,

jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with

costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT II
### SURVIVAL ACTION/NEGLIGENCE
**CHIHO PARK, ADMINISTRATOR OF THE ESTATE OF          DEC'D v.**
**DEFENDANT EVAN J. GRIFFITHS**

53. All of the averments contained in the foregoing paragraphs are incorporated into the

following Counts as though set forth therein fully and at length.

54. This action is based on the survival provisions of the Judicial Code 42 Pa. Con. Stat. Ann., §§8302 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. §3373.

55. Said Decedent did not bring an action, and no action was brought against the Defendants during the lifetime of the Decedent for the injuries which resulted in death on account of the grievances hereinafter set forth.

56. The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

57. The negligence, carelessness, and recklessness of Defendant Evan J. Griffiths acting as the agent, ostensible agent, servant, workman and/or employee of all other Defendants consisted of the following:

    a.  driving under the influence of drugs and/or alcohol;

    b.  using a handheld mobile device while operating a commercial motor vehicle;

    c.  failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

    d.  failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

    e.  failing to have said motor vehicle under proper and adequate control;

    f.  operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    g.  failing to maintain his lane of travel;

    h.  failing to maintain the assured clear distance ahead;

    i.  failing to look where he was going;

Case ID: 190902001
Control No.: 19111159

j.     following too closely;

k.     failing to bring his motor vehicle to a safe stop;

l.     allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m.    rear-ending a motor vehicle slowing for traffic conditions;

n.     failing to conduct a proper pre-trip inspection;

o.     failing to maintain said motor vehicle in proper operating condition;

p.     failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.     violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 380, 383, 385, 390, 392, 393 and 396;

r.     violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 *et seq.*; and

s.     being negligent per se.

58.    Plaintiff sustained painful and severe injuries, which include but are not limited to pre-impact fright and conscious pain and suffering after having sustained lacerations to her body; organ damage; and other such injuries and sequelae as the medical evidence will establish from which she died on June 20, 2019.

59.    By reason of the said tortious conduct of the Defendant, resulting in fatal injuries to and the death of the Decedent, Plaintiff claims damages of the Defendant for and on behalf of the Estate of the Decedent, as follows:

a.     for Plaintiff's Decedent's pre-impact fright, and for her physical and mental anguish and pain, suffering and inconvenience from the time of injury until death;

b. for Plaintiff's Decedent's shock and injury to the nerves and nervous system she had suffered from the time of injury until death

c. for Plaintiff's Decedent's deprivation of the ordinary pleasures of life; and

d. for the lost earnings of the Decedent from the date of injury through the end of Decedent's life expectancy less personal maintenance and lost contributions awarded under the wrongful death claim.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT III
### WRONGFUL DEATH/VICARIOUS LIABILITY
**CHIHO PARK, ADMINISTRATOR OF THE ESTATE OF ▮▮▮▮▮▮ DEC'D v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

60. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length

61. This action is based on the wrongful death provisions of the Judicial Code, 42 Pa. Con. Stat. Ann., §§8301 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. §3373.

62. Said Decedent did not bring an action, and no action was brought against the Defendant during the lifetime of the Decedent for the injuries which resulted in death, and no action for the wrongful death of the said Decedent has been commenced against the Defendants on account of the grievances hereinafter set forth.

63. At all relevant times, the defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease

agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

64. Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

65. Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

66. The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

67. The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

     a.     driving under the influence of drugs and/or alcohol;

     b.     using a handheld mobile device while operating a commercial motor vehicle;

     c.     failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

     d.     failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

e.        failing to have said motor vehicle under proper and adequate control;

f.        operating said motor vehicle at a high and excessive rate of speed under the circumstances;

g.        failing to maintain his lane of travel;

h.        failing to maintain the assured clear distance ahead;

i.        failing to look where he was going;

j.        following too closely;

k.        failing to bring his motor vehicle to a safe stop;

l.        allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m.        rear-ending a motor vehicle slowing for traffic conditions;

n.        failing to conduct a proper pre-trip inspection;

o.        failing to maintain said motor vehicle in proper operating condition;

p.        failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.        violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including inter alia, Parts 380, 383, 385, 390, 392, 393 and 396.

r.        violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including inter alia, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s.        being negligent per se.

68.     The Decedent left surviving her the following persons who are entitled to recover damages for her death and on whose behalf this action is brought:

        a.        Chiho Park (Father)
                   1221 Meetinghouse Road
                   Ambler, Pennsylvania 19002

b.    Suhee Park (Mother)
1221 Meetinghouse Road
Ambler, Pennsylvania 19002

69.    By reason of the said tortious conduct of the Defendants, resulting in fatal injuries to

and the death of the Decedent, Plaintiff claims damages of the Defendants for and on behalf of the

next of kin of the Decedent, as follows:

        a.    for loss of services, support and contributions which Decedent had provided and made, and which Decedent would have provided and made during the remainder of Decedent's natural life, which services, support, and contributions would have continued until the termination of Decedent's natural life but for the aforesaid tortious conduct;

        b.    for loss of Decedent's society, companionship, comfort and guidance, which the Decedent had provided and which Decedent would have continued to provide during the remainder of Decedent's natural life, but for the aforesaid tortious conduct;

        c.    for funeral and burial expenses;

        d.    for expenses incident to the last illness and death of Plaintiff's Decedent;

        e.    for expenses of Administration; and

        f.    for other losses and expenses caused by said tortious conduct.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly,

jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with

costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT IV
## SURVIVAL ACTION/VICARIOUS LIABILITY
**CHIHO PARK, ADMINISTRATOR OF THE ESTATE OF         DEC'D v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

70.    All of the averments contained in the foregoing paragraphs are incorporated into the

following Counts as though set forth therein fully and at length.

71. This action is based on the survival provisions of the Judicial Code 42 Pa. Con. Stat. Ann., §§8302 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. §3373.

72. Said Decedent did not bring an action, and no action was brought against the Defendants during the lifetime of the Decedent for the injuries which resulted in death on account of the grievances hereinafter set forth.

73. At all relevant times, the defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

74. Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

75. Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

76. The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

77.     The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

     a.    driving under the influence of drugs and/or alcohol;

     b.    using a handheld mobile device while operating a commercial motor vehicle;

     c.    failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

     d.    failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

     e.    failing to have said motor vehicle under proper and adequate control;

     f.    operating said motor vehicle at a high and excessive rate of speed under the circumstances;

     g.    failing to maintain his lane of travel;

     h.    failing to maintain the assured clear distance ahead;

     i.    failing to look where he was going;

     j.    following too closely;

     k.    failing to bring his motor vehicle to a safe stop;

     l.    allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

     m.    rear-ending a motor vehicle slowing for traffic conditions;

     n.    failing to conduct a proper pre-trip inspection;

     o.    failing to maintain said motor vehicle in proper operating condition;

     p.    failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.       violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396.

r.       violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s.       being negligent per se.

78.      Plaintiff sustained painful and severe injuries, which include but are not limited to pre-impact fright and conscious pain and suffering after having sustained lacerations to her body; organ damage; and other such injuries and sequelae as the medical evidence will establish from which she died on June 20, 2019.

79.      By reason of the said tortious conduct of the Defendant, resulting in fatal injuries to and the death of the Decedent, Plaintiff claims damages of the Defendant for and on behalf of the Estate of the Decedent, as follows:

a.       for Plaintiff's Decedent's pre-impact fright, and for her physical and mental anguish and pain, suffering and inconvenience from the time of injury until death;

b.       for Plaintiff's Decedent's shock and injury to the nerves and nervous system she had suffered from the time of injury until death

c.       for Plaintiff's Decedent's deprivation of the ordinary pleasures of life; and

d.       for the lost earnings of the Decedent from the date of injury through the end of Decedent's life expectancy less personal maintenance and lost contributions awarded under the wrongful death claim.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

**COUNT V**
**WRONGFUL DEATH/CORPORATE NEGLIGENCE**
**CHIHO PARK, ADMINISTRATOR OF THE ESTATE OF          DEC'D v.**
**DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET,**
**LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM**
**LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A**
**AIM NATIONALEASE**

80. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length

81. This action is based on the wrongful death provisions of the Judicial Code, 42 Pa. Con. Stat. Ann., §§8301 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. §3373.

82. Said Decedent did not bring an action, and no action was brought against the Defendant during the lifetime of the Decedent for the injuries which resulted in death, and no action for the wrongful death of the said Decedent has been commenced against the Defendants on account of the grievances hereinafter set forth.

83. The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

84. The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

      a.    failing to assure that Defendant Evan J. Griffiths was properly qualified to drive Defendants' commercial motor vehicle;

      b.    failing to assure that Defendant Evan J. Griffiths had the physical ability to safely drive Defendants' truck;

c. failing to assure that Defendant Evan J. Griffiths was properly trained to drive Defendants' truck;

d. failing to properly supervise Defendant Evan J. Griffiths;

e. failing to properly assess and monitor Defendant Evan J. Griffiths' ability to drive Defendants' truck, and remove Defendant Evan J. Griffiths from service/employment;

f. failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

g. failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

h. seeking out and selecting out and selecting Defendant Evan J. Griffiths to make the subject delivery;

i. failing to monitor the whereabouts and progress of Defendant Evan J. Griffiths during the trip;

j. failing to ensure that Defendant Evan J. Griffiths was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

k. permitting Defendant Evan J. Griffiths to operate Defendant's over the road equipment when he was not qualified to do so;

l. failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways; and

m. violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 40, 380, 383, 385, 390, 391, 392, 393 396 and 402.

85. Defendants were additionally negligent in connection to Defendant Evan J. Griffiths operation of Defendants' commercial motor vehicle as follows:

a.	failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a negligent, careless, or reckless manner;

b.	failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

c.	entrusting said motor vehicle to an individual who was physically and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

d.	entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e.	failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

f.	failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

86.	The Decedent left surviving her the following persons who are entitled to recover damages for her death and on whose behalf this action is brought:

a.	Chiho Park (Father)
1221 Meetinghouse Road
Ambler, Pennsylvania 19002

b.	Suhee Park (Mother)
1221 Meetinghouse Road
Ambler, Pennsylvania 19002

87.	By reason of the said tortious conduct of the Defendants, resulting in fatal injuries to and the death of the Decedent, Plaintiff claims damages of the Defendants for and on behalf of the next of kin of the Decedent, as follows:

a.    for loss of services, support and contributions which Decedent had provided and made, and which Decedent would have provided and made during the remainder of Decedent's natural life, which services, support, and contributions would have continued until the termination of Decedent's natural life but for the aforesaid tortious conduct;

b.    for loss of Decedent's society, companionship, comfort and guidance, which the Decedent had provided and which Decedent would have continued to provide during the remainder of Decedent's natural life, but for the aforesaid tortious conduct;

c.    for funeral and burial expenses;

d.    for expenses incident to the last illness and death of Plaintiff's Decedent;

e.    for expenses of Administration; and

f.    for other losses and expenses caused by said tortious conduct.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly,

jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with

costs, interest, compensatory and punitive damages, and all other damages allowed by law.

### COUNT VI
### SURVIVAL ACTION/CORPORATE NEGLIGENCE
**CHIHO PARK, ADMINISTRATOR OF THE ESTATE OF           DEC'D v.
DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET,
LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM
LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A
AIM NATIONALEASE**

88.    All of the averments contained in the foregoing paragraphs are incorporated into the

following Counts as though set forth therein fully and at length.

89.    This action is based on the survival provisions of the Judicial Code 42 Pa. Con. Stat.

Ann., §§8302 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June

30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. §3373.

90.    Said Decedent did not bring an action, and no action was brought against the

Defendants during the lifetime of the Decedent for the injuries which resulted in death on account of

the grievances hereinafter set forth.

91.     The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

92.     The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

a.     failing to assure that Defendant Evan J. Griffiths was properly qualified to drive Defendants' commercial motor vehicle;

b.     failing to assure that Defendant Evan J. Griffiths had the physical ability to safely drive Defendants' truck;

c.     failing to assure that Defendant Evan J. Griffiths was properly trained to drive Defendants' truck;

d.     failing to properly supervise Defendant Evan J. Griffiths;

e.     failing to properly assess and monitor Defendant Evan J. Griffiths' ability to drive Defendants' truck, and remove Defendant Evan J. Griffiths from service/employment;

f.     failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

g.     failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

h.     seeking out and selecting out and selecting Defendant Evan J. Griffiths to make the subject delivery;

i.     failing to monitor the whereabouts and progress of Defendant Evan J. Griffiths during the trip;

j.      failing to ensure that Defendant Evan J. Griffiths was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

k.      permitting Defendant Evan J. Griffiths to operate Defendant's over the road equipment when he was not qualified to do so;

l.      failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways; and

m.     violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 40, 380, 383, 385, 390, 391, 392, 393 396 and 402.

93.     Defendants were additionally negligent in connection to Defendant Evan J. Griffiths

operation of Defendants' commercial motor vehicle as follows:

a.      failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a negligent, careless, or reckless manner;

b.      failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

c.      entrusting said motor vehicle to an individual who was physically and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

d.      entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e.      failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

f.      failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

94. Plaintiff sustained painful and severe injuries, which include but are not limited to pre-impact fright and conscious pain and suffering after having sustained lacerations to her body; organ damage; and other such injuries and sequelae as the medical evidence will establish from which she died on June 20, 2019.

95. By reason of the said tortious conduct of the Defendant, resulting in fatal injuries to and the death of the Decedent, Plaintiff claims damages of the Defendant for and on behalf of the Estate of the Decedent, as follows:

    a.    for Plaintiff's Decedent's pre-impact fright, and for her physical and mental anguish and pain, suffering and inconvenience from the time of injury until death;

    b.    for Plaintiff's Decedent's shock and injury to the nerves and nervous system she had suffered from the time of injury until death

    c.    for Plaintiff's Decedent's deprivation of the ordinary pleasures of life; and

    d.    for the lost earnings of the Decedent from the date of injury through the end of Decedent's life expectancy less personal maintenance and lost contributions awarded under the wrongful death claim.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT VII
### WRONGFUL DEATH/PUNITIVE DAMAGES
**CHIHO PARK, ADMINISTRATOR OF THE ESTATE OF        DEC'D v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

96. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length

97. This action is based on the wrongful death provisions of the Judicial Code, 42 Pa. Con. Stat. Ann., §§8301 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. §3373.

98. Said Decedent did not bring an action, and no action was brought against the Defendant during the lifetime of the Decedent for the injuries which resulted in death, and no action for the wrongful death of the said Decedent has been commenced against the Defendants on account of the grievances hereinafter set forth.

99. The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

100. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease engaged in wanton, willful and reckless misconduct by permitting the conduct described in paragraphs 26-43 above, which rises above ordinary negligence and demonstrates recklessness, gross negligence, and a callous disregard for the health, safety and lives of other human beings, representing a total disregard of a risk that should have been known or obvious to the Defendants.

101. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known that their conduct as described in paragraphs 26-43 above was outrageous, demonstrating their reckless indifference to the rights of others, and that it created an unreasonable risk of great harm to others on the highways of the Commonwealth of Pennsylvania.

102.    The conduct of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease as described above created a risk that should have been so obvious to Defendants that they knew or should have known it was highly probable that harm to others would follow from their actions.

103.    The reckless and negligent actions of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease did, in fact, result in the death of a five year old child and serious bodily injury to four other persons that occurred while Defendant Evan J. Griffiths was violating the laws of this Commonwealth controlling the operation of motor vehicle.

104.    The Decedent left surviving her the following persons who are entitled to recover damages for her death and on whose behalf this action is brought:

      a.    Chiho Park (Father)
          1221 Meetinghouse Road
          Ambler, Pennsylvania 19002

      b.    Suhee Park (Mother)
          1221 Meetinghouse Road
          Ambler, Pennsylvania 19002

105.    By reason of the said tortious conduct of the Defendants, resulting in fatal injuries to and the death of the Decedent, Plaintiff claims damages of the Defendants for and on behalf of the next of kin of the Decedent, as follows:

      a.    for loss of services, support and contributions which Decedent had provided and made, and which Decedent would have provided and made during the remainder of Decedent's natural life, which services, support, and contributions would have continued until the termination of Decedent's natural life but for the aforesaid tortious conduct;

Case ID: 190902001
Control No.: 19111159

b. for loss of Decedent's society, companionship, comfort and guidance, which the Decedent had provided and which Decedent would have continued to provide during the remainder of Decedent's natural life, but for the aforesaid tortious conduct;

c. for funeral and burial expenses;

d. for expenses incident to the last illness and death of Plaintiff's Decedent;

e. for expenses of Administration; and

f. for other losses and expenses caused by said tortious conduct.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT VIII
### SURVIVAL ACTION/PUNITIVE DAMAGES
### CHIHO PARK, ADMINISTRATOR OF THE ESTATE OF ▓▓▓▓▓ DEC'D v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

106. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

107. This action is based on the survival provisions of the Judicial Code 42 Pa. Con. Stat. Ann., §§8302 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. §3373.

108. Said Decedent did not bring an action, and no action was brought against the Defendants during the lifetime of the Decedent for the injuries which resulted in death on account of the grievances hereinafter set forth.

109. The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

110. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease engaged in wanton, willful and reckless misconduct by permitting the conduct described in paragraphs 26-43 above, which rises above ordinary negligence and demonstrates recklessness, gross negligence, and a callous disregard for the health, safety and lives of other human beings, representing a total disregard of a risk that should have been known or obvious to the Defendants.

111. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known that their conduct as described in paragraphs 26-43 above was outrageous, demonstrating their reckless indifference to the rights of others, and that it created an unreasonable risk of great harm to others on the highways of the Commonwealth of Pennsylvania.

112. The conduct of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease as described above created a risk that should have been so obvious to Defendants that they knew or should have known it was highly probable that harm to others would follow from their actions.

113. The reckless and negligent actions of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease did, in fact, result in the death of a five year old child and serious bodily injury to four other persons that occurred while Defendant Evan J. Griffiths was violating the laws of this Commonwealth controlling the operation of motor vehicle.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT IX
### NEGLIGENCE
### ████████ a minor by his parents and natural guardians, CHIHO PARK and SUHEE PARK, and CHIHO PARK and SUHEE PARK in their own right v. DEFENDANT EVAN J. GRIFFITHS

114. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

115. The negligence, carelessness, and recklessness of Defendant Evan J. Griffiths acting as the agent, ostensible agent, servant, workman and/or employee of all other Defendants consisted of the following:

    a.    driving under the influence of drugs and/or alcohol;

    b.    using a handheld mobile device while operating a commercial motor vehicle;

    c.    failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

    d.    failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

    e.    failing to have said motor vehicle under proper and adequate control;

Case ID: 190902001
Control No.: 19111159

f.     operating said motor vehicle at a high and excessive rate of speed under the circumstances;

g.     failing to maintain his lane of travel;

h.     failing to maintain the assured clear distance ahead;

i.     failing to look where he was going;

j.     following too closely;

k.     failing to bring his motor vehicle to a safe stop;

l.     allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m.     rear-ending a motor vehicle slowing for traffic conditions;

n.     failing to conduct a proper pre-trip inspection;

o.     failing to maintain said motor vehicle in proper operating condition;

p.     failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.     violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396.

r.     violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.,; and

s.     being negligent per se.

116.     As a result of the aforesaid negligence, Minor Plaintiff        sustained severe injuries to his head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, including but not limited to subdural hematoma, diffuse axonal injury, laceration to the tongue, left orbital blowout fracture, and other such injuries and sequelae as the medical evidence will establish together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe

Case ID: 190902001
Control No.: 19111159

shock to his nerves and nervous system, some or all of which Minor Plaintiff ███████ has been advised are or may be permanent in nature and each injury requiring Minor Plaintiff ███ to undergo multiple treatments, including in-patient hospitalization in a Pediatric Intensive Care Unit.

117. As a further result of Defendants' negligence, Minor Plaintiff ███████ has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

118. As a further result of Defendants' negligence, Minor Plaintiff ███████ has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

119. As a further result of Defendants' negligence, Minor Plaintiff ███████ has undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

120. As a further result of the aforesaid, Minor Plaintiff ███████ has been unable to attend to his usual and daily duties and occupation and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT X
## VICARIOUS LIABILITY
**███████ a minor by his parents and natural guardians, CHIHO PARK and SUHEE PARK, and CHIHO AND SUHEE PARK in their own right v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

121. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

122. At all relevant times, the defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

123. Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

124. Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

125. The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

- a. driving under the influence of drugs and/or alcohol;
- b. using a handheld mobile device while operating a commercial motor vehicle;
- c. failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;
- d. failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;
- e. failing to have said motor vehicle under proper and adequate control;'

f.   operating said motor vehicle at a high and excessive rate of speed under the circumstances;

g.   failing to maintain his lane of travel;

h.   failing to maintain the assured clear distance ahead;

i.   failing to look where he was going;

j.   following too closely;

k.   failing to bring his motor vehicle to a safe stop;

l.   allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m.   rear-ending a motor vehicle slowing for traffic conditions;

n.   failing to conduct a proper pre-trip inspection;

o.   failing to maintain said motor vehicle in proper operating condition;

p.   failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.   violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396.

r.   violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s.   being negligent per se.

126.   As a result of the aforesaid negligence, Minor Plaintiff          sustained severe injuries to his head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, including but not limited to subdural hematoma, diffuse axonal injury, laceration to the tongue, left orbital blowout fracture, and other such injuries and sequelae as the medical evidence will establish together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe

Case ID: 190902001
Control No.: 19111159

shock to his nerves and nervous system, some or all of which Minor Plaintiff ____ has been advised are or may be permanent in nature and each injury requiring Minor Plaintiff ____ to undergo multiple treatments, including in-patient hospitalization in a Pediatric Intensive Care Unit.

127. As a further result of Defendants' negligence, Minor Plaintiff ____ has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

128. As a further result of Defendants' negligence, Minor Plaintiff ____ has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

129. As a further result of Defendants' negligence, Minor Plaintiff ____ has undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

130. As a further result of the aforesaid, Minor Plaintiff ____ has been unable to attend to his usual and daily duties and occupation and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XI
### CORPORATE NEGLIGENCE
**____ a minor by his parents and natural guardians, CHIHO PARK and SUHEE PARK, and CHIHO AND SUHEE PARK in their own right v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

131. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

132.     The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

133.     The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

   a.     failing to assure that Defendant Evan J. Griffiths was properly qualified to drive Defendants' commercial motor vehicle;

   b.     failing to assure that Defendant Evan J. Griffiths had the physical ability to safely drive Defendants' truck;

   c.     failing to assure that Defendant Evan J. Griffiths was properly trained to drive Defendants' truck;

   d.     failing to properly supervise Defendant Evan J. Griffiths;

   e.     failing to properly assess and monitor Defendant Evan J. Griffiths' ability to drive Defendants' truck, and remove Defendant Evan J. Griffiths from service/employment;

   f.     failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

   g.     failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

   h.     seeking out and selecting out and selecting Defendant Evan J. Griffiths to make the subject delivery;

   i.     failing to monitor the whereabouts and progress of Defendant Evan J. Griffiths during the trip;

Case ID: 190902001
Control No.: 19111159

j.      failing to ensure that Defendant Evan J. Griffiths was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

k.      permitting Defendant Evan J. Griffiths to operate Defendant's over the road equipment when he was not qualified to do so;

l.      failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways; and

m.      violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 40, 380, 383, 385, 390, 391, 392, 393 396 and 402.

134.     Defendants were additionally negligent in connection to Defendant Evan J. Griffiths

operation of Defendants' commercial motor vehicle as follows:

a.      failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a negligent, careless, or reckless manner;

b.      failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

c.      entrusting said motor vehicle to an individual who was physically and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

d.      entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e.      failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

f.      failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

135. As a result of the aforesaid negligence, Minor Plaintiff ███████ sustained severe injuries to his head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, including but not limited to subdural hematoma, diffuse axonal injury, laceration to the tongue, left orbital blowout fracture, and other such injuries and sequelae as the medical evidence will establish together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to his nerves and nervous system, some or all of which Minor Plaintiff ███████ has been advised are or may be permanent in nature and each injury requiring Minor Plaintiff ████ to undergo multiple treatments, including in-patient hospitalization in a Pediatric Intensive Care Unit.

136. As a further result of Defendants' negligence, Minor Plaintiff ███████ has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

137. As a further result of Defendants' negligence, Minor Plaintiff ███████ has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

138. As a further result of Defendants' negligence, Minor Plaintiff ███████ has undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

139. As a further result of the aforesaid, Minor Plaintiff ███████ has been unable to attend to his usual and daily duties and occupation and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**████████ a minor by his parents and natural guardians, and CHIHO PARK and SUHEE PARK and CHIHO AND SUHEE PARK in their own right v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

140. All of the foregoing averments are incorporated into the following counts as though set forth therein fully and at length.

141. Minor Plaintiff ████████ is the son of Plaintiffs Chiho and Suhee Park and the surviving sibling of Plaintiffs' decedent, ████████ and Minor Plaintiff ████████ and was with her at the time of the at-issue motor vehicle collision and were, therefore, in the legally recognized "zone of danger" created by the Defendants when they negligently caused the death of Plaintiffs' Decedent ████████ and caused the above-referenced injuries to Minor Plaintiff ████████

142. Minor Plaintiff ████████ directly perceived his entire immediate family suffer physical trauma, pain, and instantaneous and immediate physical suffering.

143. Minor Plaintiff ████████ experienced a sensory and contemporaneous observation of the motor vehicle collision.

144. Minor Plaintiff ████████ witnessed his sister's suffering and eventual death.

145. Minor Plaintiff ████████ has suffered immediate, direct, severe, and lasting emotional distress, which has caused Minor Plaintiff symptoms of anxiety, insomnia, stress, nightmares, and other such sequelae, and continues to cause ongoing mental, physical, and emotional harm.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XIII
## PUNITIVE DAMAGES
███████ **a minor by his parents and natural guardians, CHIHO PARK and SUHEE PARK and CHIHO PARK and SUHEE PARK and CHIHO AND SUHEE PARK in their own right v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

146. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

147. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease engaged in wanton, willful and reckless misconduct by permitting the conduct described in paragraphs 26-43 above, which rises above ordinary negligence and demonstrates recklessness, gross negligence, and a callous disregard for the health, safety and lives of other human beings, representing a total disregard of a risk that should have been known or obvious to the Defendants.

148. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known that their conduct as described in paragraphs 26-43 above was outrageous, demonstrating their reckless indifference to the rights of others, and that it created an unreasonable risk of great harm to others on the highways of the Commonwealth of Pennsylvania.

149. The conduct of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease as

described above created a risk that should have been so obvious to Defendants that they knew or should have known it was highly probable that harm to others would follow from their actions.

150. The reckless and negligent actions of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease did, in fact, result in the death of a five year old child and serious bodily injury to four other persons that occurred while Defendant Evan J. Griffiths was violating the laws of this Commonwealth controlling the operation of motor vehicle.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XIV
## NEGLIGENCE
## _____ a minor by her parents and natural guardians, CHIHO PARK and SUHEE PARK and CHIHO PARK and SUHEE PARK and CHIHO AND SUHEE PARK in their own right v. DEFENDANT EVAN J. GRIFFITHS

151. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

152. The negligence, carelessness, and recklessness of Defendant Evan J. Griffiths acting as the agent, ostensible agent, servant, workman and/or employee of all other Defendants consisted of the following:

      a.      driving under the influence of drugs and/or alcohol;

      b.      using a handheld mobile device while operating a commercial motor vehicle;

      c.      failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

d.      failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

e.      failing to have said motor vehicle under proper and adequate control;'

f.      operating said motor vehicle at a high and excessive rate of speed under the circumstances;

g.      failing to maintain his lane of travel;

h.      failing to maintain the assured clear distance ahead;

i.      failing to look where he was going;

j.      following too closely;

k.      failing to bring his motor vehicle to a safe stop;

l.      allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m.      rear-ending a motor vehicle slowing for traffic conditions;

n.      failing to conduct a proper pre-trip inspection;

o.      failing to maintain said motor vehicle in proper operating condition;

p.      failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.      violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396.

r.      violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s.      being negligent per se.

153.      As a result of the aforesaid negligence, Minor Plaintiff ▮▮▮▮ sustained severe injuries to her head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, including but not limited to subdural

hematoma, multiple spinous process fractures, contusions to the liver, kidney and bilateral pulmonary system, and blunt pancreatic injury, and other such injuries and sequelae as the medical evidence will establish, together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to her nerves and nervous system, some or all of which Minor Plaintiff         has been advised are or may be permanent in nature and each injury requiring Minor Plaintiff         to undergo multiple treatments, including in-patient hospitalization in a Pediatric Intensive Care Unit.

154. As a further result of Defendants' negligence, Minor Plaintiff         has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and she may be obliged to expend such sums for an indefinite time in the future, to her great detriment and loss.

155. As a further result of Defendants' negligence, Minor Plaintiff         has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

156. As a further result of Defendants' negligence, Minor Plaintiff         has undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

157. As a further result of the aforesaid, Minor Plaintiff         has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

**COUNT XV**
**VICARIOUS LIABILITY**
███████████ **a minor by her parents and natural guardians, CHIHO PARK and SUHEE PARK and CHIHO PARK and SUHEE PARK and CHIHO AND SUHEE PARK in their own right v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

158. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

159. At all relevant times, the defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

160. Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

161. Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

162. The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

        a.    driving under the influence of drugs and/or alcohol;

b.      using a handheld mobile device while operating a commercial motor vehicle;

c.      failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

d.      failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

e.      failing to have said motor vehicle under proper and adequate control;'

f.      operating said motor vehicle at a high and excessive rate of speed under the circumstances;

g.      failing to maintain his lane of travel;

h.      failing to maintain the assured clear distance ahead;

i.      failing to look where he was going;

j.      following too closely;

k.      failing to bring his motor vehicle to a safe stop;

l.      allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m.      rear-ending a motor vehicle slowing for traffic conditions;

n.      failing to conduct a proper pre-trip inspection;

o.      failing to maintain said motor vehicle in proper operating condition;

p.      failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.      violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396;

r.      violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s.      being negligent per se.

Case ID: 190902001
Control No.: 19111159

163.    As a result of the aforesaid negligence, Minor Plaintiff            sustained severe injuries to her head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, including but not limited to subdural hematoma, multiple spinous process fractures, contusions to the liver, kidney and bilateral pulmonary system, and blunt pancreatic injury, and other such injuries and sequelae as the medical evidence will establish, together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to her nerves and nervous system, some or all of which Minor Plaintiff            has been advised are or may be permanent in nature and each injury requiring Minor Plaintiff            to undergo multiple treatments, including in-patient hospitalization in a Pediatric Intensive Care Unit.

164.    As a further result of Defendants' negligence, Minor Plaintiff            has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and she may be obliged to expend such sums for an indefinite time in the future, to her great detriment and loss.

165.    As a further result of Defendants' negligence, Minor Plaintiff            has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

166.    As a further result of Defendants' negligence, Minor Plaintiff            has undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

167.    As a further result of the aforesaid, Minor Plaintiff            has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XVI
## CORPORATE NEGLIGENCE

**a minor by her parents and natural guardians, CHIHO PARK and SUHEE PARK and CHIHO PARK and SUHEE PARK and CHIHO AND SUHEE PARK in their own right v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

168. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

169. The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

170. The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

   a. failing to assure that Defendant Evan J. Griffiths was properly qualified to drive Defendants' commercial motor vehicle;

   b. failing to assure that Defendant Evan J. Griffiths had the physical ability to safely drive Defendants' truck;

   c. failing to assure that Defendant Evan J. Griffiths was properly trained to drive Defendants' truck;

   d. failing to properly supervise Defendant Evan J. Griffiths;

e.    failing to properly assess and monitor Defendant Evan J. Griffiths' ability to drive Defendants' truck, and remove Defendant Evan J. Griffiths from service/employment;

f.    failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

g.    failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

h.    seeking out and selecting out and selecting Defendant Evan J. Griffiths to make the subject delivery;

i.    failing to monitor the whereabouts and progress of Defendant Evan J. Griffiths during the trip;

j.    failing to ensure that Defendant Evan J. Griffiths was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

k.    permitting Defendant Evan J. Griffiths to operate Defendant's over the road equipment when he was not qualified to do so;

l.    failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways; and

m.    violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 40, 380, 383, 385, 390, 391, 392, 393 396 and 402.

190.    Defendants were additionally negligent in connection to Defendant

Evan J. Griffiths operation of Defendants' commercial motor vehicle as follows:

a.    failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a negligent, careless, or reckless manner;

b.    failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

Case ID: 190902001
Control No.: 19111159

c. entrusting said motor vehicle to an individual who was physically and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

d. entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e. failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

f. failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

191. As a result of the aforesaid negligence, Minor Plaintiff sustained severe injuries to her head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, including but not limited to subdural hematoma, multiple spinous process fractures, contusions to the liver, kidney and bilateral pulmonary system, and blunt pancreatic injury, and other such injuries and sequelae as the medical evidence will establish, together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to her nerves and nervous system, some or all of which Minor Plaintiff has been advised are or may be permanent in nature and each injury requiring Minor Plaintiff to undergo multiple treatments, including in-patient hospitalization in a Pediatric Intensive Care Unit.

192. As a further result of Defendants' negligence, Minor Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and she may be obliged to expend such sums for an indefinite time in the future, to her great detriment and loss.

193.    As a further result of Defendants' negligence, Minor Plaintiff ███████ has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

194.    As a further result of Defendants' negligence, Minor Plaintiff ███████ has undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

195.    As a further result of the aforesaid, Minor Plaintiff ███████ has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XVII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**███████ a minor by her parents and natural guardians, CHIHO PARK and SUHEE PARK and CHIHO PARK and SUHEE PARK and CHIHO AND SUHEE PARK in their own right v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

196.    All of the foregoing averments are incorporated into the following counts as though set forth therein fully and at length.

197.    Minor Plaintiff ███████ is the child of Plaintiffs Chiho and Suhee Park and the surviving sibling of Plaintiffs' decedent, ███████ and Minor Plaintiff ███████ and was with them at the time of the at-issue motor vehicle collision and were, therefore, in the legally recognized "zone of danger" created by the Defendants when they negligently caused the death of Plaintiffs' Decedent ███████ and caused the above-referenced injuries to all other Plaintiffs.

198. Minor Plaintiff ▆▆▆▆▆ directly perceived her entire immediate family suffer physical trauma, pain, and instantaneous and immediate physical suffering.

199. Minor Plaintiff ▆▆▆▆▆ experienced a sensory and contemporaneous observation of the motor vehicle collision.

200. Minor Plaintiff ▆▆▆▆▆ witnessed her sister's suffering and eventual death.

201. Minor Plaintiff ▆▆▆▆▆ has suffered immediate, direct, severe, and lasting emotional distress, which has caused Minor Plaintiff symptoms of anxiety, insomnia, stress, nightmares, and other such sequelae, and continues to cause ongoing mental, physical, and emotional harm.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XVIII
### PUNITIVE DAMAGES
**▆▆▆▆▆▆ a minor by her parents and natural guardians, CHIHO PARK and SUHEE PARK and CHIHO PARK and SUHEE PARK and CHIHO AND SUHEE PARK in their own right v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A <u>AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE</u>**

202. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

203. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease engaged in wanton, willful and reckless misconduct by permitting the conduct described in paragraphs 26-43 above, which rises above ordinary negligence and demonstrates recklessness, gross negligence, and a callous disregard

Case ID: 190902001
Control No.: 19111159

for the health, safety and lives of other human beings, representing a total disregard of a risk that should have been known or obvious to the Defendants.

204. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known that their conduct as described in paragraphs 26-43 above was outrageous, demonstrating their reckless indifference to the rights of others, and that it created an unreasonable risk of great harm to others on the highways of the Commonwealth of Pennsylvania.

205. The conduct of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease as described above created a risk that should have been so obvious to Defendants that they knew or should have known it was highly probable that harm to others would follow from their actions.

206. The reckless and negligent actions of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease did, in fact, result in the death of a five year old child and serious bodily injury to four other persons that occurred while Defendant Evan J. Griffiths was violating the laws of this Commonwealth controlling the operation of motor vehicle.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

207. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

208. The negligence, carelessness, and recklessness of Defendant Evan J. Griffiths acting as the agent, ostensible agent, servant, workman and/or employee of all other Defendants consisted of the following:

    a.    driving under the influence of drugs and/or alcohol;

    b.    using a handheld mobile device while operating a commercial motor vehicle;

    c.    failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

    d.    failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

    e.    failing to have said motor vehicle under proper and adequate control;'

    f.    operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    g.    failing to maintain his lane of travel;

    h.    failing to maintain the assured clear distance ahead;

    i.    failing to look where he was going;

    j.    following too closely;

    k.    failing to bring his motor vehicle to a safe stop;

    l.    allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

    m.    rear-ending a motor vehicle slowing for traffic conditions;

    n.    failing to conduct a proper pre-trip inspection;

    o.    failing to maintain said motor vehicle in proper operating condition;

p. failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q. violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396.

r. violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s. being negligent per se.

209. As a result of the aforesaid negligence, Plaintiff Chiho Park sustained injuries to his head, neck, back, bilateral upper extremities, their bones, cells, tissues, discs, nerves, muscles and functions, and other such injuries and sequelae as the medical evidence will establish, together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to his nerves and nervous system, some or all of which Plaintiff Chiho Park has been advised are or may be permanent in nature and each injury requiring Plaintiff Chiho Park to undergo multiple treatments.

210. As a further result of Defendants' negligence, Plaintiff Chiho Park has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

211. As a further result of Defendants' negligence, Plaintiff Chiho Park has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

212.    As a further result of Defendants' negligence, Plaintiff Chiho Park has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

213.    As a further result of the aforesaid, Plaintiff Chiho Park has been unable to attend to his usual and daily duties and occupation and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XX
## VICARIOUS LIABILITY
## CHIHO PARK v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

214.    All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

215.    At all relevant times, the defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

216.    Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

217.     Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

218.     At all relevant times, the defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

219.     Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

220.     Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

221.     The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

a.     driving under the influence of drugs and/or alcohol;

b.     using a handheld mobile device while operating a commercial motor vehicle;

c.    failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

d.    failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

e.    failing to have said motor vehicle under proper and adequate control;'

f.    operating said motor vehicle at a high and excessive rate of speed under the circumstances;

g.    failing to maintain his lane of travel;

h.    failing to maintain the assured clear distance ahead;

i.    failing to look where he was going;

j.    following too closely;

k.    failing to bring his motor vehicle to a safe stop;

l.    allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m.    rear-ending a motor vehicle slowing for traffic conditions;

n.    failing to conduct a proper pre-trip inspection;

o.    failing to maintain said motor vehicle in proper operating condition;

p.    failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.    violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396.

r.    violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s.    being negligent per se.

222.    As a result of the aforesaid negligence, Plaintiff Chiho Park sustained injuries to his head, neck, back, bilateral upper extremities, their bones, cells, tissues, discs, nerves, muscles and functions, and other such injuries and sequelae as the medical evidence will establish, together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to her nerves and nervous system, some or all of which Plaintiff Chiho Park has been advised are or may be permanent in nature and each injury requiring Plaintiff Chiho Park to undergo multiple treatments.

223.    As a further result of Defendants' negligence, Plaintiff Chiho Park has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

224.    As a further result of Defendants' negligence, Plaintiff Chiho Park has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

225.    As a further result of Defendants' negligence, Plaintiff Chiho Park has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

226.    As a further result of the aforesaid, Plaintiff Chiho Park has been unable to attend to his usual and daily duties and occupation and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXI
## CORPORATE NEGLIGENCE
## CHIHO PARK v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

227.    All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

228.    The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

229.    The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

    a.    failing to assure that Defendant Evan J. Griffiths was properly qualified to drive Defendants' commercial motor vehicle;

    b.    failing to assure that Defendant Evan J. Griffiths had the physical ability to safely drive Defendants' truck;

    c.    failing to assure that Defendant Evan J. Griffiths was properly trained to drive Defendants' truck;

    d.    failing to properly supervise Defendant Evan J. Griffiths;

    e.    failing to properly assess and monitor Defendant Evan J. Griffiths' ability to drive Defendants' truck, and remove Defendant Evan J. Griffiths from service/employment;

    f.    Failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

Case ID: 190902001
Control No.: 19111159

g.     failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

h.     seeking out and selecting out and selecting Defendant Evan J. Griffiths to make the subject delivery;

i.     failing to monitor the whereabouts and progress of Defendant Evan J. Griffiths during the trip;

j.     failing to ensure that Defendant Evan J. Griffiths was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

k.     permitting Defendant Evan J. Griffiths to operate Defendant's over the road equipment when he was not qualified to do so;

l.     failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways; and

m.     violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 40, 380, 383, 385, 390, 391, 392, 393 396 and 402.

230.     Defendants were additionally negligent in connection to Defendant Evan J. Griffiths

operation of Defendants' commercial motor vehicle as follows:

a.     failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a negligent, careless, or reckless manner;

b.     failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

c.     entrusting said motor vehicle to an individual who was physically and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

d.     entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e.   failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

f.   failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

231.   As a result of the aforesaid negligence, Plaintiff Chiho Park sustained injuries to his head, neck, back, bilateral upper extremities, their bones, cells, tissues, discs, nerves, muscles and functions, and other such injuries and sequelae as the medical evidence will establish, together with aggravation, acceleration, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to her nerves and nervous system, some or all of which Plaintiff Chiho Park has been advised are or may be permanent in nature and each injury requiring Plaintiff Chiho Park to undergo multiple treatments.

232.   As a further result of Defendants' negligence, Plaintiff Chiho Park has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and he may be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

233.   As a further result of Defendants' negligence, Plaintiff Chiho Park has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

234.   As a further result of Defendants' negligence, Plaintiff Chiho Park has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

235.   As a further result of the aforesaid, Plaintiff Chiho Park has been unable to attend to his usual and daily duties and occupation and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### CHIHO PARK v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

236.    All of the foregoing averments are incorporated into the following counts as though set forth therein fully and at length.

237.    Plaintiff Chiho Park is the husband of Plaintiff Suhee Park and surviving father of Plaintiffs' decedent,          and Minor Plaintiffs          and          and was with them at the time of the at-issue motor vehicle collision and were, therefore, in the legally recognized "zone of danger" created by the Defendants when they negligently caused the death of Plaintiffs' Decedent          and caused the above-referenced injuries to all other Plaintiffs.

238.    Plaintiff Chiho Park directly perceived his wife and children suffer physical trauma, pain, and instantaneous and immediate physical suffering.

239.    Plaintiff Chiho Park experienced a sensory and contemporaneous observation of the motor vehicle collision.

240.    Plaintiff Chiho Park witnessed his daughter's suffering and eventual death.

241.    Plaintiff Chiho Park has suffered immediate, direct, severe, and lasting emotional distress, which has caused Plaintiff symptoms of anxiety, insomnia, stress, nightmares, and other such sequelae, and continues to cause ongoing mental, physical, and emotional harm.

Case ID: 190902001
Control No.: 19111159

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXIII
### PUNITIVE DAMAGES
### CHIHO PARK v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

242. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

243. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease engaged in wanton, willful and reckless misconduct by permitting the conduct described in paragraphs 26-43 above, which rises above ordinary negligence and demonstrates recklessness, gross negligence, and a callous disregard for the health, safety and lives of other human beings, representing a total disregard of a risk that should have been known or obvious to the Defendants.

244. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known that their conduct as described in paragraphs 26-43 above was outrageous, demonstrating their reckless indifference to the rights of others, and that it created an unreasonable risk of great harm to others on the highways of the Commonwealth of Pennsylvania.

245. The conduct of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM

Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease as described above created a risk that should have been so obvious to Defendants that they knew or should have known it was highly probable that harm to others would follow from their actions.

246. The reckless and negligent actions of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease did, in fact, result in the death of a five year old child and serious bodily injury to four other persons that occurred while Defendant Evan J. Griffiths was violating the laws of this Commonwealth controlling the operation of motor vehicle.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXIV
### LOSS OF CONSORITUM
### SUHEE PARK v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

247. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

248. As a result of the injuries sustained by Husband Plaintiff Chiho Park as aforesaid, Wife Plaintiff Suhee Park has been deprived of the society, companionship, and consortium with her husband, Plaintiff herein named, and she will be deprived of the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXV
## NEGLIGENCE
## SUHEE PARK v. DEFENDANT EVAN J. GRIFFITHS

249.     All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

250.     The negligence, carelessness, and recklessness of Defendant Evan J. Griffiths acting as the agent, ostensible agent, servant, workman and/or employee of all other Defendants consisted of the following:

     a.     driving under the influence of drugs and/or alcohol;

     b.     using a handheld mobile device while operating a commercial motor vehicle;

     c.     failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

     d.     failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

     e.     failing to have said motor vehicle under proper and adequate control;'

     f.     operating said motor vehicle at a high and excessive rate of speed under the circumstances;

     g.     failing to maintain his lane of travel;

     h.     failing to maintain the assured clear distance ahead;

     i.     failing to look where he was going;

     j.     following too closely;

     k.     failing to bring his motor vehicle to a safe stop;

     l.     allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

m.    rear-ending a motor vehicle slowing for traffic conditions;

n.    failing to conduct a proper pre-trip inspection;

o.    failing to maintain said motor vehicle in proper operating condition;

p.    failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.    violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396;

r.    violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s.    being negligent per se.

251.    As a result of the aforesaid negligence, Plaintiff Suhee Park sustained injuries to her head, neck, back, chest, bilateral upper extremities and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, and other such injuries and sequelae as the medical evidence will establish, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to her nerves and nervous system, some or all of which Plaintiff Suhee Park has been advised are or may be permanent in nature and each injury requiring Plaintiff Suhee Park to undergo multiple treatments.

252.    As a further result of Defendants' negligence, Plaintiff Suhee Park has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and she may be obliged to expend such sums for an indefinite time in the future, to her great detriment and loss.

253. As a further result of Defendants' negligence, Plaintiff Suhee Park has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

254. As a further result of Defendants' negligence, Plaintiff Suhee Park has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

255. As a further result of the aforesaid, Plaintiff Suhee Park has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXVI
## VICARIOUS LIABILITY
## SUHEE PARK v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

256. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

257. At all relevant times, the defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

258. Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

259. Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

260. At all relevant times, the defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

261. Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

262. Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

263. The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

    a.    driving under the influence of drugs and/or alcohol;

    b.    using a handheld mobile device while operating a commercial motor vehicle;

    c.    failing to regards the rights, safety and position of Plaintiffs at the point aforesaid;

    d.    failing to take due note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

    e.    failing to have said motor vehicle under proper and adequate control;'

    f.    operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    g.    failing to maintain his lane of travel;

    h.    failing to maintain the assured clear distance ahead;

    i.    failing to look where he was going;

    j.    following too closely;

    k.    failing to bring his motor vehicle to a safe stop;

    l.    allowing his motor vehicle to strike the rear of plaintiffs' vehicle;

    m.    rear-ending a motor vehicle slowing for traffic conditions;

    n.    failing to conduct a proper pre-trip inspection;

    o.    failing to maintain said motor vehicle in proper operating condition;

    p.    failing to warn Plaintiffs (and others similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

q.      violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 383, 385, 390, 392, 393 and 396;

r.      violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia*, 75 Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.; and

s.      being negligent per se.

264.    As a result of the aforesaid negligence, Plaintiff Suhee Park sustained injuries to her head, neck, back, chest, bilateral upper extremities and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, and other such injuries and sequelae as the medical evidence will establish, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to her nerves and nervous system, some or all of which Plaintiff Suhee Park has been advised are or may be permanent in nature and each injury requiring Plaintiff Suhee Park to undergo multiple treatments.

265.    As a further result of Defendants' negligence, Plaintiff Suhee Park has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and she may be obliged to expend such sums for an indefinite time in the future, to her great detriment and loss.

266.    As a further result of Defendants' negligence, Plaintiff Suhee Park has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

267.    As a further result of Defendants' negligence, Plaintiff Suhee Park has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

268.    As a further result of the aforesaid, Plaintiff Suhee Park has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXVII
## CORPORATE NEGLIGENCE
## SUHEE PARK v. DEFENDANTS IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

269.    All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

270.    The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

271.    The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

> a.    failing to assure that Defendant Evan J. Griffiths was properly qualified to drive Defendants' commercial motor vehicle;
>
> b.    failing to assure that Defendant Evan J. Griffiths had the physical ability to safely drive Defendants' truck;

c.      failing to assure that Defendant Evan J. Griffiths was properly trained to drive Defendants' truck;

d.      failing to properly supervise Defendant Evan J. Griffiths;

e.      failing to properly assess and monitor Defendant Evan J. Griffiths' ability to drive Defendants' truck, and remove Defendant Evan J. Griffiths from service/employment;

f.      Failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

g.      failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

h.      seeking out and selecting out and selecting Defendant Evan J. Griffiths to make the subject delivery;

i.      failing to monitor the whereabouts and progress of Defendant Evan J. Griffiths during the trip;

j.      failing to ensure that Defendant Evan J. Griffiths was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

k.      permitting Defendant Evan J. Griffiths to operate Defendant's over the road equipment when he was not qualified to do so;

l.      failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways; and

m.      violating the Federal Motor Carrier Safety Regulations (FMCSRs) which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 40, 380, 383, 385, 390, 391, 392, 393 396 and 402.

272.    Defendants were additionally negligent in connection to Defendant Evan J. Griffiths

operation of Defendants' commercial motor vehicle as follows:

a.      failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a negligent, careless, or reckless manner;

b.     failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

c.     entrusting said motor vehicle to an individual who was physically and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

d.     entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e.     failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

f.     failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

273.    As a result of the aforesaid negligence, Plaintiff Suhee Park sustained injuries to her head, neck, back, chest, bilateral upper extremities and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles and functions, and other such injuries and sequelae as the medical evidence will establish, and activation of any and all pre-existing ailments and/or conditions, as well as a severe shock to her nerves and nervous system, some or all of which Plaintiff Suhee Park has been advised are or may be permanent in nature and each injury requiring Plaintiff Suhee Park to undergo multiple treatments.

274.    As a further result of Defendants' negligence, Plaintiff Suhee Park has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and she may be obliged to expend such sums for an indefinite time in the future, to her great detriment and loss.

275.    As a further result of Defendants' negligence, Plaintiff Suhee Park has or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

276. As a further result of Defendants' negligence, Plaintiff Suhee Park has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

277. As a further result of the aforesaid, Plaintiff Suhee Park has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXVIII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### SUHEE PARK v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

278. All of the foregoing averments are incorporated into the following counts as though set forth therein fully and at length.

279. Plaintiff Suhee Park is the wife of Plaintiff Chiho Park and surviving mother of Plaintiffs' decedent, and Minor Plaintiffs and and was with them at the time of the at-issue motor vehicle collision and was, therefore, in the legally recognized "zone of danger" created by the Defendants when they negligently caused the death of Plaintiffs' Decedent and caused the above-referenced injuries to all other Plaintiffs.

280. Plaintiff Suhee Park directly perceived her children and husband suffer physical trauma, pain, and instantaneous and immediate physical suffering.

281. Plaintiff Suhee Park experienced a sensory and contemporaneous observation of the motor vehicle collision.

282. Plaintiff Suhee Park witnessed her daughter's suffering and eventual death.

283. Plaintiff Suhee Park has suffered immediate, direct, severe, and lasting emotional distress, which has caused Plaintiff symptoms of anxiety, insomnia, stress, nightmares, and other such sequelae, which has resulted in suicide attempt(s) and continues to cause ongoing mental, physical, and emotional harm.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

**COUNT XXIX**
**PUNITIVE DAMAGES**
**SUHEE PARK v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

284. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

285. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease engaged in wanton, willful and reckless misconduct by permitting the conduct described in paragraphs 26-43 above, which rises above ordinary negligence and demonstrates recklessness, gross negligence, and a callous disregard for the health, safety and lives of other human beings, representing a total disregard of a risk that should have been known or obvious to the Defendants.

286. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known

that their conduct as described in paragraphs 26-43 above was outrageous, demonstrating their reckless indifference to the rights of others, and that it created an unreasonable risk of great harm to others on the highways of the Commonwealth of Pennsylvania.

287. The conduct of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease as described above created a risk that should have been so obvious to Defendants that they knew or should have known it was highly probable that harm to others would follow from their actions.

288. The reckless and negligent actions of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease did, in fact, result in the death of a five year old child and serious bodily injury to four other persons that occurred while Defendant Evan J. Griffiths was violating the laws of this Commonwealth controlling the operation of motor vehicle.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

## COUNT XXV
## LOSS OF CONSORITUM
## CHIHO PARK v. DEFENDANTS EVAN J. GRIFFITHS, IGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

289. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

290.    As a result of the injuries sustained by Wife Plaintiff Suhee Park as aforesaid, Husband Plaintiff Chiho Park has been deprived of the society, companionship, and consortium with his wife, Plaintiff herein named, and he will be deprived of the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

**McELDREW YOUNG**

By:    _____
JAMES J. McELDREW, III, ESQUIRE
DANIEL N. PURTELL, ESQUIRE
MEGHAN P. McCORMACK, ESQUIRE
Attorneys for Plaintiffs

Dated: September 16, 2019

Case ID: 190902001
Control No.: 19111159

## **VERIFICATION**

We, Chiho Park and Suhee Park, hereby verify that we are the Plaintiffs herein and that the facts set forth in the foregoing Complaint are true and correct to the best of our knowledge, information and belief. We understand that false statements herein are made subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.

Date: 9/16/2019

CHIHO PARK

Date: 9/16/2019

SUHEE PARK

Case ID: 190902001
Control No.: 19111159