# EXHIBIT B

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: LARRY BENDESKY/ADAM J. PANTANO/JORDAN HOWELL
IDENTIFICATION NO: 51026/85261/317159
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

ATTORNEYS FOR PLAINTIFFS

*Filed and Attested by the Office of Judicial Records 14 JUL 2020 02:28 pm E. RUSSO*

| | |
|---|---|
| **JOSEPH and MARY MUZIKAR**, h/w<br>170 West Greenwood Avenue<br>Lansdowne, Pennsylvania 19050<br><br>       *Plaintiffs,*<br><br>   v.<br><br>**EVAN J. GRIFFITHS**<br>15 Market Street<br>Pittston, Pennsylvania 18643<br><br>and<br><br>**IGOURMET, LLC d/b/a IGOURMET.COM**<br>508 Delaware Avenue<br>West Pittston, Pennsylvania 18643<br><br>and<br><br>**INNOVATIVE GOURMET, LLC**<br>28411 Racetrack Road<br>Bonita Springs, Florida 34135<br><br>and<br><br>**FOOD INNOVATIONS, INC.**<br>28411 Racetrack Road<br>Bonita Springs, Florida 34135<br><br>and<br><br>**INNOVATIVE FOOD HOLDINGS, INC.**<br>28411 Racetrack Road<br>Bonita Springs, Florida 34135<br><br>And | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>FEBRUARY TERM, 2020<br><br> No.: 003304<br><br>**JURY TRIAL DEMANDED** |

Case ID: 200203304

**AIM LEASING COMPANY, INC. d/b/a AIM TRANSPORTATION SOLUTIONS and d/b/a AIM NATIONALEASE**
1500 Trumbull Road
Girard, Ohio 44420

*Defendants.*

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by  entering a written appearance personally or by an attorney and filing in writing with the court your  defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may  proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | "Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta  demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU  DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.</u> <u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>    PHILADELPHIA BAR ASSOCIATION    LAWYER REFERRAL and INFORMATION SERVICE    One Reading Center    Philadelphia, Pennsylvania 19107    (215) 238-1701" | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME  POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  <u>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.</u>  <u>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.</u>    ASSOCIACION DE LICENCIADOS DE FILADELFIA    SERVICO DE REFERENCA E INFORMACION LEGAL    One Reading Center    Filadelfia, Pennsylvania 19107    Telefono: (215) 238-1701" |

## COMPLAINT

Case ID: 200203304

Plaintiffs, by and through their counsel, Larry Bendesky, Esquire, Adam J. Pantano, Esquire, and Jordan L. Howell, Esquire, of the law firm of Saltz Mongeluzzi and Bendesky P.C., hereby state the following Complaint in Civil Action against the above-captioned Defendants and, in support thereof, avers as follows:

1.      Plaintiffs, Joseph and Mary Muzikar, husband and wife, are citizens and residents of the Commonwealth of Pennsylvania, residing at the above captioned address.

2.      Defendant Evan J. Griffiths is a citizen and resident of the Commonwealth of Pennsylvania, residing at the above captioned address.

3.      Defendant iGourmet, LLC doing business as (d/b/a) iGourmet.com is a limited liability company duly organized and existing under and by virtue of the law of the State of New York, which regularly conducts business in the City and County of Philadelphia, with its principal place of business located at 508 Delaware Avenue, West Pittston, Pennsylvania 18643.

4.      Defendant Innovative Gourmet, LLC is a limited liability company duly organized existing under and by virtue of the laws of the state of Delaware, which regularly conducts business in the city and county of Philadelphia, with its principal place of business located at 28411 Racetrack Road, Bonita Springs, Florida 34135 with a registered agent for service of process located at 251 Little Falls Drive, Wilmington, Delaware 19808.

5.      Defendant Food Innovations, Inc. is a corporation duly organized and existing under and by virtue of the laws of the state of Florida, which regularly conducts business in the city and county of Philadelphia, with its principal place of business located at 28411 Racetrack Road, Bonita Springs, Florida 34135.

6.      Defendant Innovative Food Holdings, Inc. is a corporation duly organized and existing under and by virtue of the laws of the state of Florida, which regularly conducts business in the city and county of Philadelphia, with its principal place of business located at 28411 Racetrack Road, Bonita Springs, Florida 34135.

7.     Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease is a corporation duly organized and existing under and by virtue of the laws of the state of Ohio with a principal place of business located at 1500 Trumbull Road, Girard, Ohio 44420 which regularly conducts business in the city and county of Philadelphia, including a place of business located therein at 7777 Essington Avenue, Philadelphia, PA 19153.

8.     Defendant Innovative Gourmet is a private, interstate, common carrier bearing US DOT Number: 3147931.

9.     Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a NationaLease is a private, interstate, common carrier bearing US DOT Number: 332295.

10.    The aforesaid Defendants, in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration (FMSCA) that they have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that they comply with the Federal Motor Carrier Safety Regulations (FMCSR) at all times while operating a commercial motor vehicle in the United States.

11.    More specifically, each Form Op-1 submitted contained a "Safety Certification" certifying to the FMCSA under penalty of perjury that, at a minimum, the aforesaid Defendants:

    a.   Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSR;

    b.   Can produce a copy of the FMCSR;

    c.   Had and will have in place a driver safety training/orientation program;

    d.   Had an will have prepared and maintain an accident register;

    e.   Is familiar with DOT regulations governing driver qualifications and had an will have in place a system for overseeing driver qualifications requirements;

f. Had and will have in place polices and procedures consistent with DOT regulations governing driving and operational safety of commercial motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g. Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h. Must comply with all pertinent federal, state, local and tribunal statutory and regulatory requirements when operating within the United States.

### FACTS COMMON TO ALL COUNTS

12. All of the averments contained in the foregoing paragraphs are incorporated into the following counts as though set forth therein fully and at length.

13. At all times material hereto, Defendant Evan J Griffiths was the agent, servant, workman, and/or employee, acting in the course and scope of his employment with and on behalf of Defendant iGourmet, LLC d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease.

14. At all times material to Plaintiffs' cause of action, Defendant Evan J. Griffiths was the operator, possessor, maintainer, and in control of a commercial motor vehicle then and there being operated by said Defendant.

15. Upon information and belief, at all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and/or AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were the owners, operators, possessors, and maintainers of a commercial motor vehicle which was then and there being operated by

Defendant Evan J. Griffiths, their agent, servant, workman and/or employee acting in the course and scope of his employment with and on behalf of said Defendants.

16.    In the alternative, Defendants Innovative Gourmet, LLC, Food Innovations, Inc., and Innovative Food Holdings, Inc., did not own, lease, hire, rent or borrow the aforementioned commercial vehicle that was then and there being operated by Defendant Evan J. Griffiths, but said commercial motor vehicle was being expressly used by said Defendants in connection with and in furtherance of their commercial enterprise as a provider of sourcing, preparation and delivery of specialty/fresh food for both professional chefs and consumers.

17.    At all times material hereto, Defendant Evan J. Griffiths was acting in the course and scope of his employment as a delivery driver for Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, and was then and there operating at the explicit request and for the benefit of Defendants Food Innovations, Inc. and Innovative Food Holdings, Inc., who had purchased and solicited the delivery of the perishable food goods being transported by Defendant Griffiths, to deliver the same in furtherance of the business interests and for the benefit of Defendants Food Innovations, Inc. and Innovative Food Holdings, Inc., while operating a commercial motor vehicle, which upon information and belief is owned wholly or in part by and/or used expressly for the benefit of the commercial enterprise of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease.

18.    At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., were engaged in a joint enterprise whereby perishable food products are procured direct from sources and delivered within two business days.

19.    At all times material hereto, Defendant Evan J. Griffiths was agent, servant, workman, and/or employee acting in the course ands cope of his employment with and on behalf

of Defendants Food Innovations, Inc. and Innovative Food Holdings, Inc. and said Defendants had control and authority to direct the manner and result of the work performed by Defendant Evan J. Griffiths.

20.     At all time relevant hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., paid certain monies to Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease for the use of their commercial motor vehicles ad Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease was aware of and authorized the use of said commercial motor vehicles.

21.     At all times material hereto, the commercial motor vehicle then and there being operated by Defendant Evan J. Griffiths bore the name, insignia and/or signage of Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease.

22.     At all times material hereto, Defendant Evan J. Griffiths was in treatment for opioid addition, was prescribed, and was under the influence of a controlled substance including *inter alia* Schedule III narcotic Suboxone/Buprenorphine.

23.     At all times material to Plaintiffs' cause of action, Defendants iGourmet, LLC, d/b/a iGounnet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known of Defendant Evan J. Griffiths substance abuse treatment and that he was unfit to operate a commercial motor vehicle on the roadway.

24.     Defendant Evan J. Griffiths had a history of numerous motor vehicle violations including, *inter alia*, violations of 75 Pa.C.S. §3111(a) pertaining to failing to obey traffic control devices on March 12, 2011, 75 Pa.C.S. §1543(a) driving on a suspended license on April 9, 2013, 75 Pa.C.S. §1786(f) driving without requisite financial responsibility, and just six months before this collision on January 17, 2019, 75 Pa.C.S. §3362(a)(3)(28) exceeding the speed limit by 28 m.p.h.

25. Despite these repeated violations, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease continued to employ and/or permit Defendant Evan J. Griffiths to operate their commercial motor vehicles upon the roadway.

26. At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were responsible for the safety of the commercial motor vehicle being operated by Defendant Evan J. Griffiths at the time of the incident in issue.

27. At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that failure to properly inspect their commercial motor vehicles could result in serious, permanent, and life altering/life ending injuries to individuals.

28. At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that failure to hire, train, supervise and/or timely discharge employees could result in serious, permanent, and life altering/life ending injuries to individuals.

29. At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease understood that m order to safely transport goods, they were required to hire individuals with special driving training and skills.

30. At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing

Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were required to supervise and monitor their employees and their drivers to ensure that they maintained adequate skills to drive professionally and commercially.

31.     At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that the drivers they employed were required to be skilled and trained in operating commercial motor vehicles or individuals on the road could be seriously harmed or killed.

32.     At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that they had a duty to investigate and evaluate the background of their potential drivers, as well as their current drivers to make sure their driving records were consistent with individuals who would be professionally driving commercial motor vehicles.

33.     At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that they had a responsibility to continually monitor the driving records of their new or existing drivers to ensure their drivers were not a hazard to those on the road.

34.     At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease were aware that drivers who have repeat moving violations should be properly trained and retrained, must be closely supervised, and/or should be discharged from employment as a truck driver.

35.     At all times material hereto, Defendant Evan J. Griffiths was aware that he had a responsibility, on behalf of himself and his employer(s) to properly conduct a pre-trip inspection

prior to driving his commercial motor vehicle for the day, and not drive said vehicle if it was unsafe.

36. At all times material hereto, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known the importance of re-evaluating drivers who have safety issues and moving violations on their record.

37. At all times material hereto, Defendant Evan J. Griffiths was aware that speeding and/or failing to yield to traffic conditions could result in serious, permanent and life altering/life ending injuries to individuals.

38. At all times material hereto, Defendant Evan J. Griffiths was aware that driving under the influence of intoxicating substances could result in serious, permanent and life altering/life ending injuries to individuals.

39. At all times material hereto, Defendant Evan J. Griffiths was aware that it was important for him to obey the rules of the road, the FMCSR, and the laws of the Commonwealth while operating the truck in issue.

40. All of the acts alleged to have been done or not to have been done by all Defendants were done or not done by said Defendants, their agents, servants, workmen and/or employees, acting in the course and scope of their employment with and on behalf of all Defendants.

41. On or about June 20, 2019, at or about 4:00 p.m. Plaintiff Joseph Muzikar was operating a motor vehicle in which Plaintiff Mary Muzikar was a restrained passenger, in a southwardly direction on the Northeast Extension of the Pennsylvania Turnpike I-476 at milepost A46.4, in Lower Milford Township, Lehigh County, Pennsylvania, when they were suddenly and without warning violently struck in the rear of their vehicle as a result of the Defendants' commercial motor vehicle in the form of a box truck which was being operated by Defendant Griffiths, who was negligently entrusted by all other Defendants with the possession, control and use of said commercial motor vehicle, also in a southwardly direction on the Northeast Extension

of the Pennsylvania Turnpike I-476 in a negligent and careless manner which was noted prior to this collision by numerous other motorists who contracted the authorities to report said erratic driving, and as a result of this catastrophic collision all Plaintiffs sustained serious, painful and permanent personal injuries.

**COUNT I – NEGLIGENCE**
**PLAINTIFFS v. DEFENDANT EVAN J. GRIFFITHS**

42.     All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

43.     The negligence, carelessness, and recklessness of Defendant Evan J. Griffiths acting as the agent, ostensible agent, servant, workman and/or employee of all other Defendants consisted of the following:

    a. Driving under the influence of drugs and/or alcohol;

    b. Using a handheld mobile device while operating a commercial motor vehicle;

    c. Failing to regard the rights, safety, and position of Plaintiffs at the point aforesaid;

    d. Failing to take note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

    e. Failing to have said motor vehicle under proper and adequate control;

    f. Operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    g. Failing to maintain his lane of travel;

    h. Failing to maintain the assured clear distance ahead;

    i. Failing to look where he was going;

    j. Following too closely;

    k. Failing to bring his motor vehicle to a safe stop;

l.  Allowing his motor vehicle to strike the rear of plaintiffs' and/or other vehicles;

m.  Allowing his motor vehicle to strike the rear of the vehicle immediately behind plaintiffs' vehicle and causing said vehicle to strike plaintiffs' vehicle;

n.  Rear-ending a motor vehicle slowing for traffic conditions;

o.  Failing to conduct a proper pre-trip inspection;'

p.  Failing to maintain said motor vehicle in proper operating condition;

q.  Failing to warn Plaintiffs (and other similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

r.  Violation the FMCSR which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia,* Parts 383, 385, 390, 392, 393 and 396.

s.  Violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia, 75* Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.,; and,

t.  Being negligent per se.

44.    As a result of the aforesaid negligence, Plaintiffs Joseph and Mary Muzikar sustained severe orthopedic injuries and burns to their respective head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles, and functions, including but not limited to permanent scarring, shock to their nerves and nervous system, psychological injuries, some or all of which are permanent in nature and each injury requiring hospitalization and treatment.

45.     As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and they may be obliged to expend such sums for an indefinite time in the future, to their great detriment and loss.

46.     As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

47.     As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly, and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

### COUNT II – VICARIOUS LIABILITY
### PLAINTIFFS v. DEFENDANTS iGOURMET, LLC D/B/A
### IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS,
### INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC.
### D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

48.     All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

49.     At all times relevant hereto, the Defendant driver was the Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease agent, employee, servant, and/or workmen and was acting within the course and scope of his employment, under the direct control of the said Defendants.

50.     Accordingly, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing

Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are vicariously liable for the defendant driver's aforementioned negligence.

51.   Irrespective of the employment relationship, Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Evan J. Griffiths.

52.   The negligence, carelessness, and recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

    a.   Driving under the influence of drugs and/or alcohol;

    b.   Using a handheld mobile device while operating a commercial motor vehicle;

    c.   Failing to regard the rights, safety, and position of Plaintiffs at the point aforesaid;

    d.   Failing to take note of the point and position of Plaintiffs' motor vehicle at the point aforesaid;

    e.   Failing to have said motor vehicle under proper and adequate control;

    f.   Operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    g.   Failing to maintain his lane of travel;

    h.   Failing to maintain the assured clear distance ahead;

    i.   Failing to look where he was going;

    j.   Following too closely;

k. Failing to bring his motor vehicle to a safe stop;

l. Allowing his motor vehicle to strike the rear of plaintiffs' and/or other vehicles;

m. Allowing his motor vehicle to strike the rear of the vehicle immediately behind plaintiffs' vehicle and causing said vehicle to strike plaintiffs' vehicle;

n. Rear-ending a motor vehicle slowing for traffic conditions;

o. Failing to conduct a proper pre-trip inspection;'

p. Failing to maintain said motor vehicle in proper operating condition;

q. Failing to warn Plaintiffs (and other similarly situated on the roadway) of said motor vehicle's presence, intended course of travel, and impending impact;

r. Violation the FMCSR which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia,* Parts 383, 385, 390, 392, 393 and 396.

s. Violating the statutes of the Commonwealth of Pennsylvania and the local ordinances and regulations of the area where this collision occurred pertaining to the operation of a motor vehicle under the circumstances, including *inter alia, 75* Pa.C.S. §1622, 3361, 3736A, 3735 ,3735.1 et seq.,; and,

t. Being negligent per se

53. As a result of the aforesaid negligence, Plaintiffs Joseph and Mary Muzikar sustained severe orthopedic injuries and burns to their respective head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles, and functions, including but not limited to permanent scarring, shock to their nerves and nervous system, psychological injuries, some or all of which are permanent in nature and each injury requiring hospitalization and treatment.

54. As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and they may be obliged to expend such sums for an indefinite time in the future, to their great detriment and loss.

55. As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

56. As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly, and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

### COUNT III – CORPORATE NEGLIGENCE
### PLAINTIFFS v. DEFENDANTS iGOURMET, LLC D/B/A
### IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS,
### INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC.
### D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

57. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

58. The negligence, carelessness, and recklessness of the Defendants, singly, jointly, severally and vicariously, their agents, servants, workmen, and/or employees as set forth herein was the factual cause of the motor vehicle collision and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and was due in no way to any negligence or carelessness on the part of Plaintiffs.

59. The negligence, carelessness, recklessness of Defendants iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings,

Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease consisted of the following:

a. Failing to assure that Defendant Evan J. Griffiths was properly qualified to drive Defendants' Commercial motor vehicle;

b. Failing to assure that Defendant Evan J. Griffiths had the physical ability to safely drive Defendants' truck;

c. Failing to assure that Defendant Evan J. Griffiths was properly trained to drive Defendants' truck;

d. Failing to properly supervise Defendant Evan J. Griffiths;

e. Failing to properly assess and monitor Defendant Evan J. Griffiths' ability to drive Defendants' truck, and remove Defendant Evan J. Griffiths from service/employment;

f. Failing to enforce FMCSR regulations concerning the number of hours and distances which its driver may be on the road;

g. Failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

h. Seeking out and selecting Defendant Evan J. Griffiths to make the subject delivery;

i. Failing to monitor the whereabouts and progress of Defendant Evan J. Griffiths during the trip;

j. Failing to ensure that Defendant Evan J. Griffiths was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

k.  Permitting Defendant Evan J. Griffiths to operate Defendants' over the road equipment when he was not qualified to do so;

l.  Failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer and the load over public highways; and

m.  Violation the FMCSR which set forth minimum standards for those involved with the operation of commercial motor vehicles in interstate commerce, including *inter alia*, Parts 40, 380, 383, 385, 390, 391, 392, 393, 396, and 402.

60.  Defendants were additionally negligence in connection to Defendant Evan J. Griffiths operation of Defendants' commercial motor vehicle as follows:

a.  Failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a negligent, careless, or reckless manner;

b.  Failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

c.  Entrusting said motor vehicle to an individual who as physical and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

d.  Entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e.  Failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and,

f.  Failing to maintain Defendants' motor vehicle in a safe manner, free form malfunctions, defects and dangerous conditions.

61.  As a result of the aforesaid negligence, Plaintiffs Joseph and Mary Muzikar sustained severe orthopedic injuries and burns to their respective head, neck, back, bilateral upper extremities, torso, and bilateral lower extremities, their bones, cells, tissues, discs, nerves, muscles, and functions, including but not limited to permanent scarring, shock to their nerves and nervous system, psychological injuries, some or all of which are permanent in nature and each injury requiring hospitalization and treatment.

62.  As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and they may be obliged to expend such sums for an indefinite time in the future, to their great detriment and loss.

63.  As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have or may hereafter suffer a loss of earnings and/or impairment of earning power and capacity.

64.  As a further result of Defendants' negligence, Plaintiffs Joseph and Mary Muzikar have undergone great pain and mental anguish and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly, and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

**COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFFS v. DEFENDANTS iGOURMET, LLC D/B/A**
**IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS,**
**INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC.**
**D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

65.     All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

66.     Plaintiffs Joseph and Mary Muzikar are husband and wife and were together at the time of the at-issue motor vehicle collision and were, therefore, in the legally recognized "zone of danger" created by the Defendants when said Defendants negligently caused severe and permanent injuries to both Joseph and Mary Muzikar and caused the above-referenced injuries to Joseph and Mary Muzikar.

67.     Joseph Muzikar directly perceived his wife, Mary Muzikar, suffer physical trauma, pain and instantaneous and immediate physical suffering.

68.     Joseph Muzikar experienced a sensory and contemporaneous observation of the motor vehicle collision.

69.     Mary Muzikar directly perceived her husband, Joseph Muzikar, suffer physical trauma, pain and instantaneous and immediate physical suffering.

70.     Mary Muzikar experienced a sensory and contemporaneous observation of the motor vehicle collision.

71.     Plaintiffs Joseph and Mary Muzikar have suffered immediate, direct, severe, and lasting emotional distress, which has caused both Joseph and Mary Muzikar to suffer symptoms of anxiety, insomnia, stress, nightmares and other such sequalae, and continues to cause ongoing mental, physical and emotional harm.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly, and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

**COUNT V – PUNITIVE DAMAGES**
**PLAINTIFFS v. DEFENDANTS EVAN J. GRIFFITHS, iGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE**

72. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

73. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease engaged in wanton, willful and reckless misconduct by permitting the conduct described in paragraphs 22-39 above, which rises above ordinary negligence and demonstrates recklessness, gross negligence, and a callous disregard for the health, safety and lives of other human beings, representing a total disregard of a risk that should have been known or obvious to the Defendants.

74. Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease knew or should have known that their conduct as described in paragraphs 22-39 above was outrageous, demonstrating their reckless indifferent to the rights of others, and that it created an unreasonable risk of great harm to others on the highways of the Commonwealth of Pennsylvania.

75. The conduct of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM

NationaLease as described above created a risk that should have been so obvious to Defendants that they knew or should have known it was highly probably that harm to others would follow from their actions.

76. The reckless and negligent actions of Defendants Evan J. Griffiths, iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease did, in fact, result in the injuries described herein, and also the death of a five year old child, and serious bodily injuries to four passengers that were all in the vehicle directly behind Plaintiffs' vehicle.

77. The aforementioned injuries the Plaintiffs and five others, including the death of a five year old were caused while Defendant Evan J. Griffiths was violations the laws of this Commonwealth controlling the operation of Defendants, , iGourmet, LLC, d/b/a iGourmet.com, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc., and AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM NationaLease's commercial motor vehicle.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

### COUNT VI – LOSS OF CONSORTIUM
### PLAINTIFFS v. DEFENDANTS EVAN J. GRIFFITHS, iGOURMET, LLC D/B/A IGOURMET.COM, INNOVATIVE GOURMET, LLC, FOOD INNOVATIONS, INC., INNOVATIVE FOOD HOLDINGS, INC., AND AIM LEASING COMPANY, INC. D/B/A AIM TRANSPORTATION SOLUTIONS AND D/B/A AIM NATIONALEASE

78. All of the foregoing averments are incorporated into the following Counts as though set forth therein fully and at length.

79. As a result of the injuries sustained by wife Mary Muzikar as aforesaid, husband Joseph Muzikar has been deprived of the society, companionship, and consortium with his wife, Plaintiff herein named, and he will be deprived of the same for an indefinite time in the future, to his great detriment and loss.

80. As a result of the injuries sustained by her husband Joseph Muzikar as aforesaid, wife Mary Muzikar has been deprived of the society, companionship, and consortium with her husband, Plaintiff herein named, and she will be deprived of the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants singly, jointly and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, and all other damages allowed by law.

**SALTZ MONGELUZZI & BENDESKY P.C.**

BY: */s/ Adam J. Pantano*
      LARRY BENDESKY
      ADAM J. PANTANO
      JORDAN L. HOWELL
      *Attorneys for Plaintiffs*

# VERIFICATION

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

DATE: 7/3/2020

JOSEPH MUZIKAR

## VERIFICATION

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

DATE: 4 - 03 - 2020

MARY MUZIKAR