**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY and** | | |
| **DEPOSITORS INSURANCE COMPANY** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **NO.  21-2741** |
| | : | |
| | : | |
| **AIM LEASING, D/B/A AIM NATIONAL** | : | |
| **LEASE AND D/B/A AIM** | : | |
| **TRANSPORTATION, et al.** | : | |

**<u>MEMORANDUM</u>**

**SCHMEHL, J.  /s/ JLS**                                                    **FEBRUARY  21, 2023**


This declaratory judgment action arises out of a tragic motor vehicle accident that occurred on June 20, 2019 on the Northeast Extension of the Pennsylvania Turnpike. According to the Amended Declaratory Judgment Complaint, the accident occurred when a refrigerated box truck being operated by Defendant Evan J. Griffiths ("Griffiths") crashed into the back of a car being driven by Chiho Park with his wife and three minor children as passengers and into another car being driven by Joseph Muzikar with his wife as a passenger. The accident resulted in the death of one of the Park minor children and personal injuries to the other members of the Park family and in personal injuries to the Muzikar family.

The Parks filed two personal injury and wrongful death actions in the Court of Common Pleas of Philadelphia. The First Park Action, filed on September 16, 2019, contains 30 counts, including wrongful death and survival action counts against Griffiths for negligence, and against  Defendants iGourmet, LLC, Innovative Gourmet, LLC, Food Innovations, Inc., Innovative Food Holdings, Inc. (the "IG Defendants") and against

**1**

Defendant AIM Leasing Company, Inc. d/b/a AIM Transportation Solutions and d/b/a AIM National Lease ("AIM")  for negligence, vicarious liability, corporate negligence (including negligent entrustment), punitive damages, negligent infliction for emotional distress, and loss of consortium. In the First Park Action, the Parks allege that Griffiths was in treatment for opioid addiction prior to the collision, was unfit to operate a motor vehicle as a result of being under the influence of Suboxone/Buprenorphine, and had a history of numerous motor vehicle violations. [ECF 40-2 at ¶ 26-28.] The Parks further allege that the IG Defendants and AIM knew or should have known of Griffiths' alleged unfitness to drive. *Id*. at ¶ 27.

On June 18, 2021, the Parks filed a second civil action in the Court of Common Pleas of Philadelphia County. The Second Park Action contains 12 counts with substantially similar allegations as the First Park Action, but includes US Food Holding Corp. US Foods, Inc. and US Foods – Allentown Distribution as additional defendants and the addition of counts for negligent entrustment and joint venture liability against all defendants other than Griffiths [ECF 40-3 at ¶ 187-229].

On July 14, 2020, the Muzikars filed a personal injury action in the Court of Common Pleas of Philadelphia County (the Muzikar Action). The allegations in the Muzikar action are substantially similar to those of the First Park Complaint. The Muzikar action asserts counts against Griffiths for negligence and against the IG Defendants and AIM for negligence, vicarious liability, corporate negligence (including negligent entrustment), negligent infliction of emotional distress, punitive damages, and loss of consortium [ECF 40-4]. These three state court actions will be hereinafter referred to collectively as the "Underlying Actions."

According to the Amended Declaratory Judgment Complaint, AIM entered into a Lease Agreement with the IG Defendants for the box truck on June 17, 2019 [Doc. No. 40 at ¶ 61]. See also First Park Complaint [Doc. No. 40-2] at ¶ 24; Muzikar Complaint [Doc. No. 40-4 at ¶ 20]. Plaintiff Depositors Insurance Company ("Depositors") provided liability insurance coverage to AIM through a Business Auto Policy which was in place on the date of the accident [ECF 40 at ¶¶ 64-65]. Plaintiff AMCO Insurance Company ("AMCO") provided liability insurance coverage to AIM through an Auto Dealers Policy that was in place on the date of the accident. *Id. a*t ¶¶ 66-70. AMCO also issued a Commercial Umbrella Liability Policy to AIM that was in place on the date of the accident. *Id*. at ¶¶ 71-78.

Plaintiffs allege in the Amended Declaratory Judgment Complaint that the primary Auto Dealers Policy and the Excess/Umbrella Policy provide coverage for AIM in the form of both a duty to defend and indemnify AIM for only the negligent entrustment claims asserted in all of the Underlying Actions. *Id*. at ¶¶ 70, 86-88. Plaintiffs also allege in the Amended Complaint that AIM is an additional insured under a commercial auto policy used by Erie Insurance Exchange ("Erie") to Innovative Gourmet, LLC in the Underlying Actions. *Id*. at ¶¶ 81-82, 102-103. According to the Amended Complaint, Erie has acknowledged the additional insured status of AIM with respect to the Underlying Actions. *Id*. at 103.

Plaintiffs further allege that the IG Defendants are also insured through an excess/umbrella liability policy from Sentinel Insurance Company that provides excess/umbrella coverage over the Erie Insurance Exchange Policy. *Id*. at 104-108.

Plaintiffs seek that the Court declare the following:

> Depositors Insurance Company is not obligated to defend or indemnify Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions in the Underlying Actions under the Business Auto Policy
>
> AMCO Insurance Company is not obligated to indemnify Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions under the Auto Dealers Policy for the claims asserted in the Underlying Actions unless and except to the extent that liability is imposed on AIM Leasing Company for negligent entrustment
>
> AMCO Insurance Company is only required to indemnify Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions under Coverage A of the Umbrella Policy if there is a determination of liability on the underlying claims for negligent entrustment in favor of Plaintiff (s) and against AIM Leasing Company and the primary limits of the Auto Dealers Policy are exhausted
>
> AMCO Insurance Company and Depositors Insurance Company are not obligated to indemnify Defendant, AIM Leasing Company d/b/a AIM National Lease and d/b/a AIM Transportation Solutions against an award of punitive damages or a settlement in the Underlying Actions which is based in part on claims for recovery of punitive damages.
>
> The AMCO Commercial Umbrella does not attach for payment of any indemnity obligation to AIM National Lease until such time that there is exhaustion of the limits of the Sentinel Insurance Company excess policy with regard to the liability of AIM National Lease if any, in the underlying actions.

See Amended Declaratory Judgment Complaint [ECF 40].

Presently before the Court is AIM's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted in part and denied in part.[1]

---

[1] The IG Defendants [ECF 71] and Griffiths [ECF 78] do not oppose AIM's motion for judgment on the pleadings.

When deciding a motion for judgment on the pleadings, the Court considers the pleadings and exhibits attached thereto, matters of public record and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010). A motion for judgment on the pleadings is analyzed under the same standards that apply to a Rule 12(b)(6) motion. *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). Accordingly, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

In its motion for judgment on the pleadings, AIM contends that Plaintiffs' Amended Declaratory Judgment Complaint must be dismissed because there is no case or controversy and/or the matter is not ripe. The determination of whether a matter is ripe for declaratory relief is dependent upon three factors: 1) whether the parties' interests are sufficiently adverse, i.e., the adversity factor; 2) whether the court can issue a conclusive ruling in light of potentially evolving factual developments, i.e., the conclusivity factor; and 3) whether the decision will render practical help to the parties, i.e., the utility factor. *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647-650 (3d Cir. 1990)).

In Count One, Plaintiffs seek a declaration that Depositor is not obligated to **defend** or **indemnify** AIM in the Underlying Actions under Depositors' Business Auto Policy. This is the only Count in which Plaintiffs request a declaration that one of them

does not have a duty to defend in the Underlying Actions as opposed to a duty to indemnify.

Under Pennsylvania law, the duty to defend is distinct from, and broader than, the duty to indemnify. *Sphere Drake, P.L.C. v. 101 Variety, Inc.*, 35 F.Supp.2d 421, 427 (E.D. Pa. 1999) (citing *Erie Ins. Exchange v. Transamerica Ins. Co.*, 516 Pa. 574, 533 A.2d 1363, 1368 (1987) ). The duty to defend arises when a complaint filed by an injured party may potentially come within the policy's coverage. *Id.* The duty to indemnify "arises only when the insured is determined to be liable for damages within the coverage of the policy." *Id.* *Because Plaintiffs are requesting in Count One a declaration on Depositor's obligation to* ***defend*** *AIM under Depositors' Business Auto Policy in the Underlying Actions, this particular issue is ripe for the Court to address at this time.*

Depositors' Business Auto Policy contains a Contingent Coverage endorsement which states that coverage is conferred to AIM for a leased auto if the lessee (Innovative Gourmet, LLC) furnished AIM with the required proof of a One-Million Dollar insurance policy with AIM as an additional insured, but at the time of an accident, said insurance "is not collectible." ECF 40 at ¶¶ 65, 81-82, citing Depositors' Business Auto Policy, Leasing or Rental Concerns – Contingent Coverage, CA 2009 (10/13). Plaintiffs have clearly alleged, and none of the Defendants dispute, that AIM indeed received the contractually required insurance coverage of One-Million Dollars by Innovative Gourmet from Erie for the Underlying Actions and that Innovative Gourmet's insurance is collectible. [ECF 40 at ¶¶ 63, 81-82, 102-103.]  Therefore, the contingent event (lack of collectible coverage under the lease agreement) to trigger the activation of Depositors' Business Auto Policy did not occur. Therefore, the Court can declare that Depositors Insurance Company is

not obligated to defend or indemnify AIM in the Underlying Actions under the Business Auto Policy. AIM's motion for judgment on the pleadings with respect to Count One is denied.

The remainder of the Declarations the Plaintiffs seek in Counts Two through Five all involve AMCO's contingent obligations to indemnify AIM in the Underlying Actions.

Numerous courts in this Circuit have held that declaratory judgments concerning an insurer's duty to indemnify are not ripe before the insured has been held liable in the underlying action. *See, e.g., Joseph Oliver Constr. v. Utica First Ins. Co.,* 2020 WL 3791564 (E.D. Pa. July 7, 2020); *Republic Servs. of Pa., LLC v. Caribbean Operators*, LLC, 301 F. Supp. 3d 468, 474 (E.D. Pa. 2018) ("Liability has not been established in the Underlying Action; therefore, plaintiff's] request for a declaration that [the insurer] has a duty to indemnify it for liability in the Underlying Action is not ripe."); *First Specialty Ins. Co.*, *v. Hudson Palmer Homes, Inc.*, 2018 WL 6002318, at *4 ("[T]he question of whether an insurer has a duty to indemnify is not ripe until there is an actual need for indemnification, that is, until liability has been determined in the underlying action." (internal quotation marks and citations omitted)); *Met. Prop. & Cas. Ins. Co. v. Spayd*, No: 5:16-cv04693, 2017 WL 3141170, at *2 (E.D. Pa. July 24, 2017) ("The question of whether [the insurer] has a duty to indemnify . . . is 'not ripe for adjudication until the insured is in fact held liable in the underlying suit.'" (citations omitted)); *Slate Bar & Lounge, Inc. v. Founders Ins. Co.*, Civil Action No. 3:15-cv-02251, 2017 WL 4681311, at *7 (M.D. Pa. Oct. 18, 2017) (same); *Sabia Landscaping*, 2013 WL 6022129, at *2, *5 ("It is well-settled under Pennsylvania law that an insurer must indemnify its insured only if liability is found for conduct that actually falls within the scope of the policy. Thus, a

court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action." (emphasis added) (internal quotation marks and citations omitted)); *Charter Oak Fire Ins. Co. v. Lazenby*, No. 1:10-cv00138-MBC, 2012 WL 2958246, at *9 (W.D. Pa. July 18, 2012) ("Numerous courts, both federal and state, have held that declaratory actions on duty to indemnify only become ripe after the underlying liability is settled."); *Am. States Ins. Co. v. Component Tech., Inc.*, 420 F. Supp. 2d 373, 374 (M.D. Pa. 2005) ("As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action." (internal quotation marks and citations omitted)); cf. *Unionamerica Ins. Co., Ltd. v. J.B. Johnson*, 806 A.3d 431 (Pa. Super. Ct. 2002) ("The duty to indemnify is a conditional obligation. The duty to indemnify arises only if, after trial on the third-party claim, it is determined that the loss suffered is covered by the terms of the policy. At this stage, while the trial court properly found Unionamerica was required to defend its insured, the court improperly ruled that Unionamerica had a duty to indemnify Johnson Roofing.").

Application of the *Step-Saver* factors exemplifies the reasoning of these Courts. AMCO admits in the Amended Declaratory Judgment Complaint that it owes a defense to AIM in the Underlying Actions, at least with respect to the negligent entrustment claims [ECF 40 at ¶¶ 70, 86-88]. Therefore, the interests of AMCO and AIM are not deemed to be sufficiently adverse. In addition, even if a judgment was entered against AIM in any of the Underlying Actions based on negligent entrustment, there is

substantial uncertainty at this juncture whether AMCO's coverage would even be triggered because Erie has accepted AIM's defense in the Underlying Actions. As a result, before AIM's coverage with AMCO for negligent entrustment would even be triggered, the liability coverage AIM is receiving from Erie would in all likelihood first have to be exhausted.

Likewise, because to date there has been no judgment entered in any of the Underlying Actions against AIM, the Court cannot conclusively rule whether AMCO has a duty to indemnify AIM. Therefore, Plaintiffs have failed to satisfy the conclusivity factor in the *Step-Saver* analysis of determining whether a matter is ripe for declaratory relief. In short, "any potential legal harm resulting from this Court not entering a declaratory judgment on [AMCO's] duty to indemnify is contingent on [AIM's] liability in the Underlying Actions." *First Specialty Corporation*, 2018 WL 6002318 at *4.

With regard to the utility factor, although AMCO argues that a ruling on any potential duty it **may** have to indemnify AIM would aid in any mediation of the Underlying Actions, such a ruling would at this time only amount to an advisory opinion. In addition, there is no guarantee that even with a ruling by this Court the parties would even be able settle any of the Underlying Actions. The Underlying Actions could just as easily proceed to trial and verdicts rendered in favor of the Defendants. In that event, any ruling by this Court would be of no utility at all. As a result, the request for a declaratory judgment as to AIM's duty to indemnify is not ripe for review and the Court will dismiss Counts Two through Five without prejudice.

AMCO argues that despite the fact that it seeks declarations regarding AMCO's duty to indemnify, this Court can still make a ruling before the resolution of the

Underlying Actions since any ruling will involve only legal issues and not any factual issues. According to the above-cited authority, whether a decision regarding an insurer's duty to indemnify involves only legal issues is not the standard for ripeness. Rather, the standard is whether the insured has been found liable for damages in the particular underlying state court action. No such finding has been made here. Accordingly, Plaintiffs' requests for Declarations relating to a **potential** duty to indemnify AIM are premature.